## LAWSON v. HUDEPOHL BREWING COMPANY.

Common Pleas Court, Hamilton County.

No. A-12690. Decided October 19, 1951.

Alfred D. Meitus, Cincinnati, for plaintiff.
Elmer E. Strasser, Cincinnati, for defendant.

## OPINION

By BADER, J.

This case comes before this court to be heard on the "Petition of Discovery" wherein the defendant alleges that plaintiff has in his possession certain evidence which is necessary for it to have before it can prepare its answer.

The original petition in the case contains the following allegation:

"Plaintiff says that defendant impliedly warranted said quart bottle of Hudepohl Beer to be pure, safe and reasonably fit for human consumption but that said beer contents were unwholesome, impure and contaminated with two dead flies and unfit for human consumption; that by reason of such foreign bodies present, the quality of said beer contents was injuriously affected."

Defendant further alleges that demand has been made on the plaintiff for the right to inspect and analyze the contents of the bottle to determine whether or not the beer was contaminated and impure. The action is brought by virtue of the authority in §11555 GC which reads in part as follows:

"When a person claiming to have a cause of action, or a defense to an action commenced against him, without a discovery of the fact from the adverse party, is unable to file his petition or answer, he may bring an action for discovery, setting forth in his petition the necessity therefor, and the grounds thereof, with such interrogatories relating to the subject matter of the discovery as are necessary to procure the discovery sought, which, if not demurred to, must be fully and directly answered under .oath by the defendant. Upon the final disposition of the action, the costs thereof shall be taxed in such manner as the court deems equitable."

In Pomeroy's Equity Jurisprudence, 5th Ed. p. 357, par. 209, it is said:

"Upon all matters affecting the merits, the disclosures that may be compelled, materiality, privilege, etc., the courts uniformly hold that these statutory proceedings take the place of the equity suit for a discovery, and are governed by substantially the same rules."

Also **Driver v. Woolworth Co., 58 Oh Ap. p. 299, 12 O. O. 188, syl. 3.**

The questions for this court to determine are:

1. Is the knowledge of the actual physical content of the beer bottle important and necessary for the preparation of defendant's case? and

2. Is the defendant entitled to know the actual ingredients of the bottle which is alleged to be "unwholesome, impure and

contaminated—unfit for human consumption and—injuriously affected"?

The subject matter about which the whole cause of action evolves is the contents of one of defendant's bottles.

In Wigmore on Evidence, Vol. VIII, 3rd Edition, p. 209, Section 2221 is found the following statement:

"The testimonial duty for witnesses in general requires disclosure of facts in any and every feasible form, including such evidence as is available through inspection of the witness' premises or chattels, either by the tribunal itself or by other witnesses under order of the Court (ante, Sections 2194, 2216). There is no reason why a party should be privileged more than other persons in this respect. Not only, as in the case of corporal exhibition (ante, Section 2220), is the absence of such a privilege deducible by implication from the statutes making parties compellable generally."

In Section 2194 is found the following:

"If a person, by virtue of his very existence in civilized society, owes a duty to the community to disclose for the purposes of justice all that is in his control which can serve the ascertainment of the truth, this duty includes not only mental impressions preserved in his brain and the documents preserved in his hands, but also the corporal facts existing on his body, and the chattels and premises within his control. There can be no discrimination. The latter forms of disclosure, though more rarely asked for, may be not a whit the less necessary. They are included in the general duty."

Inasmuch as the plaintiff's whole case depends on the contents of the bottle it appears to the court that the physical content of the bottle is important to defendant's case also, and in view of the allegations in plaintiff's petition, the jury at the time of the trial should know the analysis of the contents and use that evidence for whatever it may be worth.

Counsel for the plaintiff contends that an analysis at this time would be to no avail because the bottle has been in a vault since March 1951, and a chemical analysis would not be the same now as it was in March. The question before the court is whether or not defendant has the right to inspect and analyze the contents of the bottle. The chemical content can only be determined after it has been inspected.

The court is of the opinion that the actual physical content of the bottle is important and necessary for the preparation of defendant's case and the defendant is entitled to know the actual ingredients of the bottle.

Accordingly the relief prayed for in defendant's "Petition for Discovery" is allowed if the inspection and analysis can be made without the destruction of plaintiff's evidence.

It is suggested by the court that if the chemical analysis is to be made that the plaintiff and defendant agree as to who should make the analysis. If such an agreement cannot be made the court will appoint a reputable chemist to make the analysis upon the deposit of the cost of the analysis.