**PLACKE et, Plaintiffs, v. WASHBURN, Defendant.**

Common Pleas Court, Franklin County.

No. 186921.   Decided April 16, 1953.

Butler, Butler & Werum, Columbus, for plaintiffs.
Vorys, Sater, Seymour & Pease, Columbus, for defendant.

566

**OPINION**

By BARTLETT, J.

**THE DEMURRER TO THE PETITION AND EACH OF THE INTERROGATORIES, IS SUSTAINED**

This purports to be an action for discovery under §11555 GC; but in fact, it appears to be a studious effort on the part of counsel for the plaintiff to avoid and defeat the order of the Court in a companion case pending in this court.

However, since the present issue is on a demurrer to the petition, we are confined to the facts that appear upon the face of the petition. This seems to have been ignored by counsel on both sides, with the consequent waste of words over matters that are not before the Court at this time.

The petition in the instant case does disclose that there is another action pending in this Court between the same parties involving the same subject matter.

The petition herein recites that in the other suit, No. 186.314, on the dockets of this court, the "first Cause of action therein (an action for money only filed under the statutory short form of pleading) attached thereto an exhibit entitled 'Exhibit A,' which purports to be 'an itemized list of materials and labor used in the construction of the house at 106 Chatham Rd. by J. C. Washburn (same construction job as set up in instant case), and does not contain items furnished by other contractors or the owner."

"Plaintiffs further say that said 'Exhibit A' is not an itemized list of materials and labor used by defendant in that it does not always give (for materials) date purchased, where purchased, for what purpose purchased, and whether used for what purpose. Nor does it always give (for labor) the full name of the worker, the dates on which the said person worked, the number of hours worked each day, the hourly rate and for what purpose employed."

Thereupon the prayer of the petition in part, is that the defendant herein be required to give in writing a true and detailed account of the matters, heretofore set forth and complained of as not constituting "an itemized list of materials and labor used," even though the petition in the other case states that Exhibit "A" attached thereto is such an itemized list.

Shall we determine in this action the truth of the allegations of the petition in the other action? Shall we here test the sufficiency of the petition in the other action? Or shall those matters be settled in the other case itself, by the efficient means provided by ourmodern code procedure?

The mere questions themselves show the utter futility and wasted efforts of the present action. On page 3 of his

memorandum, counsel for plaintiffs says: "Plaintiffs are groping in the dark," and the court is inclined to agree that the atmosphere is a little hazy, due to counsel not keeping his feet on the ground.

The prayer of the petition in the instant case, proceeds then with numerous interrogatories with a request that they be answered, fully and truly. These interrogatories in most instances concern checks from the plaintiffs to the defendant, the cancelled checks being in the possession of the plaintiffs, and the defendant is asked to state in detail how he applied the proceeds of said check, and in many instances the checks have a notation on their face as to what the check was for, such as "I" beam $43.60, Survey $25.00, etc.

The petition in the instant case makes no showing that this information could not just as well be secured in the original action by the use of interrogatories authorized under §11348 GC, and the depositions authorized by §11521 et seq., GC, which has been expanded by practice to permit one party to make very searching inquiries of his opponent (on cross examination) and opponent's witnesses.

Counsel for plaintiffs asserts on page 3 of his answer brief that plaintiffs, "can make no affirmative defenses without the demanded information." He has the checks available for his defense of payment, and certainly his clients have peculiarly personal knowledge of what they gave the checks to cover, and in many instances this information is on the face of their own checks.

Counsel for plaintiffs spends much time in his briefs praising the availability of interrogatories and depositions in our modern code procedure, but has spent no time in attempting to utilize such means of securing his information in the original action against his clients. Instead he undertakes to accomplish the same results in another action. It cannot be denied that one of the cardinal principles of modern code procedure is to avoid multiplicity of suits.

Sec. 11555 GC, supra, authorizes an action for discovery; but as stated by the late Spear, J., in **Chapman v. Lee, 45 Oh St 356, 365**: "Suits for discovery were, in equity practice, auxiliary proceedings * * *," and p. 366: "All the aid which a suit for **recovery** (discovery) would give is **now given** by our code **in the case at law itself.**" * * * "The party may attach to his pleading interrogatories which, so far as pertinent, the other party is bound to answer, and those answers may be used by either party as evidence. He may also take the deposition of the opposite party, or put him on the stand as a witness at the trial. The doctrine and rules concerning the subject-matter of discovery established by courts of equity, are be-

lieved to be still in force and to control the same matters in the new procedure, **but the bill of discovery, as a separate action, is practically obsolete in this state."** (Emphasis ours.)

Yet counsel for the plaintiffs draws such such a separate action out of the moth balls, and attempts to use it without any showing as to the necessity thereof.

"True, plaintiff avers that it does not know the extent of the claims which defendant has failed to pay and therefore cannot state in its pleading the amount of its damage; but now that adequate means of obtaining discovery from parties to actions at law are afforded by our statute, suits for discovery, as previously prosecuted in equity, are no longer necessary; and it is elementary that where an adequate remedy is afforded at law equity may not be resorted to. **(Chapman v. Lee, 45 Oh St, 356.)**"

**O. Matthias Building Show Co. v. Albertson, 99 Oh St 11, 16.**

Our own Dillon, J., in Graham v. Ohio T. and T. Co. 2 N. P. (N. S.) 612, 613, after calling attention to Section 5293 R. S. now §11555 GC, states:

"Subsequently thereto it has been provided in the Code by Section 5099 (now §11348 GC) that a party may annex interrogatories pertinent to the issue. It has been held in the case of **Chapman v. Lee, 45 Oh St 356,** that so far as the practice is concerned the old action of discovery is practically obsolete in this state and is no longer necessary. It will be noted that by the section referred to a person might file a separate petition whose sole object would be to discover such facts as would enable him thereafter to file a petition; or in the case of a defendant he might file a separate action to discover such facts as would enable it to properly answer. **The more convenient form of interrogatories therefore having been adopted,** the pertinency of the interrogatories now in question must be determined, largely by the equitable rules of practice under the old action of discovery." (Emphasis ours.)

In Russell, Admr. v. Ry. Co. 6 N. P. (N. S.) 353, Roberts, J., after referring to the case of Chapman v. Lee, supra, p. 356, says:

"Here we find defined by our Supreme Court, suits for discovery, the right of the party to invoke such action, to thus ascertain the fact within the personal knowledge of his adversary, and that an answer responsive can be used by either party in the trial at law as evidence. Also the declaration of the Supreme Court that the bill of discovery, as a separate action, is practically obsolete in this state; **that it has been superseded by interrogatories** provided for in Revised Statutes 5099 (now §11348 GC), above quoted and that the rules concerning the subject-matter of discovery established by courts

of equity are still in force and to control the same matters in the new procedure. It therefore becomes important to determine what the rules of practice were, in the use of bills of discovery, and the rights of the parties relating thereto." (Emphasis ours.)

Roberts, J., then points out on p. 357:

"Concerning discovery it is said:

" '* * * it must also allege that the facts are not within complainant's knowledge. * * * It can not be maintained to discover matter whereof complainant has the same means of information as has defendant * * *. It must show that the facts, discovery of which is sought, are necessary to complainant's case, and not facts by which his adversary intends to establish his case." 14 Cyc. 313-314.

In any event §11555 GC, supra, expressly requires that the party resorting to the use of this antiquated process, shall set forth "in his petition the necessity therefor, and the grounds thereof. * * *." The policy of the law under modern code procedure, being to avoid multiplicity of suits, the party should be required to clearly show the necessity of a separate action, rather than the use of interrogatories and depositions in the original action.

The character of the prior action is not material if full relief could have been given therein, and, if so, the demurrer to the second action should be sustained. Berger v. Moessinger, 5 C. C. 432.

The petition in the instant case shows on its face that there is another action pending in this court between the same parties, involving the same subject matter, and that said action was so pending at the time of filing the instant action.

The plaintiffs, through their counsel, have made no showing that the relief sought in the instant action, could not have been obtained by the proper use of the means provided by the code in the original action; and in fact no effort has been made by counsel for the plaintiffs to demonstrate that the information sought in the instant case, was not available in the original action by the proper use of the facilities of the code provided for that purpose. Therefore, not having shown on the face of the petition the necessity for the instant action, the demurrer to the petition is sustained, and for the further reason, the petition shows on its face "That there is another action pending between the same parties for the same cause." (Sec. 11309 GC.)

Entry may be prepared sustaining the demurrer to the petition and dismissing the petition at plaintiffs' costs, with exceptions by counsel for plaintiffs.