KNOB, EXRX., APPELLEE, *v.* COPELAND REFRIGERATION CORP., APPELLANT.*

(No. 192—Decided July 6, 1963.)

*Motion to certify the record overruled (38430), October 30, 1963.

*Mr. R. E. Boller*, for appellee.
*Messrs. Dargusch & Dargusch, Mr. Charles S. Lopeman* and *Messrs. Garmhausen, Lewis & Kerrigan*, for appellant.

CRAWFORD, J.  Plaintiff-appellee, executrix, filed a petition for discovery under the provisions of Section 2317.48, Revised Code, alleging that on March 20, 1962, her decedent, an employee of defendant-appellant, sustained fatal injuries while working upon defendant's products; that she believes she has a cause of action for an additional award from the Industrial Commission, and a cause of action which may be against manufacturers or suppliers of testing equipment used by defendant at the time of decedent's injury; that she does not know the identity of such persons or the facts and circumstances surrounding the injury, all of which information is in the sole possession and control of the defendant corporation; that plaintiff has sought this information from the defendant who has failed and refused to supply it; that she needs the information that she may know against whom to assert any claims for damages, and whether she may make a claim for an additional Workmen's Compensation award; and that she has no adequate remedy at law and will suffer irreparable injuries unless she obtains this information.

The prayer is for an order that defendant furnish the needed information.

Defendant demurred to the petition for failure to state facts constituting a cause of action.  The demurrer was overruled, and orders made that plaintiff furnish interrogatories in writing, and that the defendant answer them.  The interrogatories were furnished accordingly and were framed along the lines indicated by the petition.  Thereupon the defendant filed its notice of appeal.

The single assignment of error is the overruling of the demurrer.  A two-fold argument is advanced: that the discovery provided for by the statute cannot be used for the purposes of a Workman's Compensation claim; and that such remedy is not available to plaintiff because she has an adequate administrative remedy, which she has not exhausted.

Defendant's basic contention is that plaintiff should simply file her claim and thus set in motion the investigative machinery of the administrator who will then fully inquire into the facts for her and determine the merits of her claim; that the administrator will do this by authority of such provisions as those contained in Section 35, Article II of the Constitution, and Sections 4121.13, 4121.131, 4123.10 and 4123.512, Revised Code. Defendant says that this administrative remedy is adequate and is even superior to a bill of discovery because it invokes the services of highly qualified experts specially trained for such investigative work, and unhampered by the technical rules of evidence.

It is urged that the difference in nomenclature between proceedings for Workmen's Compensation and ordinary actions for damages for personal injuries signifies that the right of discovery was not intended to apply to compensation cases; and that Section 2317.48, Revised Code, is provided for the use of a litigant in preparation of his "petition or answer," in connection with "a cause of action or a defense to an action," whereas there are no such pleadings, causes or defenses in Workman's Compensation cases, but there are instead "claims" and "applications for compensation," as those terms are used, for example, in Section 4123.512, Revised Code.

Defendant asserts in its brief that it has agreed to make available to plaintiff the names of manufacturers and suppliers of test equipment used by decedent at the time of the accident. But, of course, even evidence, and much less such statements, cannot be considered upon demurrer.

Plaintiff emphasizes the two-fold purpose of her petition: (1) To support a claim for an additional award because of failure of the defendant to employ the required safety devices; and (2) to prepare possible actions against manufacturers and suppliers of defendant's equipment.

She contends that an additional award must be based upon a failure of the employer to comply with a specific safety requirement; that a claim for such an award must likewise be specific; that unless it is so the administrator will not investigate, his attention not being directed to any particular situation; and that such additional award must ultimately be paid by the employer, so that, as in an ordinary action for damages,

plaintiff and defendant are the real parties in interest, and the Industrial Commission is only the tribunal.

She contends further that the Workman's Compensation Act, framed for the protection of the employee, has not deprived plaintiff of her common-law remedy, but has merely provided a substitute for the common-law liability of the employer; that a law with such a purpose cannot be invoked as a shield against the rights of plaintiff which it was designed to protect; and that differences in the terms applied to the pleadings and procedures are of no significance.

There are certain principles and authorities invoked by both sides. It is agreed that the common-law and equitable rights to an action of discovery are now embodied in and superseded by the statutory provision on the subject; but that, nevertheless, the doctrines and rules established by courts of equity remain in force and are controlling. *Chapman* v. *Lee,* 45 Ohio St., 356; *Driver* v. *The F. W. Woolworth Co.,* 58 Ohio App., 299. See, also, 17 Ohio Jurisprudence (2d), 570, 584, Discovery and Inspection, Sections 2 and 22.

The relief which plaintiff seeks is essentially that to which she would have been entitled prior to the statute on discovery, Section 2317.48, Revised Code, and prior to the Workmen's Compensation Act. A petition must set forth the necessity and the grounds for such relief. This the plaintiff has done.

The essential issue here is whether the Workmen's Compensation Act has removed the necessity and the grounds for discovery. Plaintiff has observed that neither that Act nor the constitutional provisions upon which it is founded specifically forbids the discovery. The question remains whether they render the proceeding of discovery unnecessary and improper.

Whether the Industrial Commission would in fact investigate the broad, general complaint contained in this petition, such an investigation by an impartial agency or tribunal is not the equivalent of a personal inquiry pursued with the diligent zeal of an interested party; it would be at most a vicarious inquiry, beyond plaintiff's power to direct. This is no reflection upon its quality, but an analysis of its nature. Plaintiff should be permitted to prepare her own case and not required to entrust it exclusively to others.

We cannot believe that the terms used in Section 2317.48,

328

Revised Code, contemplated a denial of the right of discovery because of a difference in technical terms where there remains an essentially adversary proceeding. The right of discovery being in a large sense equitable, the substance and not the form must be determinative.

The administrative remedy being essentially different from that sought by the petition, its existence will not preclude the right to discovery.

The demurrer was, in our opinion, properly overruled, and the order of the Common Pleas Court will be, and hereby is, affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.