WALKER, APPELLEE, *v.* ALLSTATE INS. CO., APPELLANT.

[Cite as Walker v. Allstate Ins. Co., 7 Ohio App. 2d 85.]

(No. 787—Decided July 27, 1966.)

*Messrs. Donaldson & Colgrove,* for appellee.
*Messrs. Johnson, Westen, Hurd, Fallon, Sullivan & Paisley,*
for appellant.

JOHNSON, P. J. Plaintiff, appellee herein (herein referred
to as plaintiff), is the administrator of the estate of Haden
Alexander Walker who died on March 26, 1964, following a
collision between an automobile in which Walker was a pas-
senger and an automobile operated by one John Tarpinian,
a resident of the state of New York. Plaintiff has not filed an
action for wrongful death against John Tarpinian. He chose
instead to file an action against defendant, appellant herein
(hereinafter referred to as defendant), Allstate Insurance
Company, the alleged carrier of John Tarpinian's automobile
liability insurance.

Plaintiff's petition sets out two causes of action. The first
is predicated on Section 2317.48, Revised Code (the petition-
for-discovery statute), and on Section 3929.06, Revised Code
(the supplemental-judgment statute); and the second on Section
2319.33, Revised Code (the petition-to-perpetuate-testimony

statute), and Section 3929.06, Revised Code. Nine interrogatories were attached to the petition.

The obvious purpose of plaintiff's petition and interrogatories was to discover whether defendant had issued an automobile insurance liability policy to John Tarpinian and, if so, the terms and monetary coverages of such policy. Plaintiff also sought to determine whether any of the conditions of such policy had been violated by the insured, and whether such policy had been cancelled by the defendant.

Defendant demurred to the petition and interrogatories. The trial court sustained the demurrer to the first cause of action (the petition for discovery) and to Interrogatory Number 5. Plaintiff did not appeal that ruling.

The trial court overruled defendant's demurrers to the second cause of action (the petition to perpetuate testimony) and to the remaining interrogatories, and ordered the testimony of the defendant's claim examiner perpetuated.

From that order the defendant has perfected its appeal on questions of law to this court.

The issue for decision is whether the plaintiff in a negligence action has a right to obtain, by a petition to perpetuate testimony, information regarding the effectiveness, limits of liability of, or defenses of the alleged insurer under, a liability insurance policy of the alleged tortfeasor, from a claim examiner of the alleged insurance carrier, before judgment against the alleged tortfeasor.

The plaintiff contends that the provisions of Sections 2319.32 to 2319.38, inclusive, Revised Code (repealed after the judgment herein by the trial court and re-enacted as Sections 2319.39 to 2319.51, inclusive, Revised Code), are sufficiently broad to allow the information he is seeking.

Plaintiff's petition is sustainable, if at all, by reason of the provisions of Section 3929.06, Revised Code, wherein provision is made for the filing of a supplemental petition in an action when a judgment has been obtained against an assured and the judgment is not satisfied within a period of thirty days. The insurance carrier can then be named in such supplemental petition as a new party defendant. (In the instant case no judgment has been obtained.)

Various attempts have been made by injured plaintiffs

to gain information as to the policy limits and possible defenses of an alleged tortfeasor, independent of the primary cause of action for wrongful injuries against the tortfeasor himself.

This primary action seeks the answer to two fundamental questions, i. e., the negligence of the alleged tortfeasor in causation, and the extent of the injuries suffered by the plaintiff, coupled with an award of adequate compensation therefor. It is fundamental that this determination be made independent of the financial ability of an alleged tortfeasor to meet the burden of payment imposed by an award of judgment, which financial ability is not and cannot be an issue in the case arriving at that judgment.

Plaintiff herein pleads no obstacle which would preclude the filing of an action for wrongful death, as required by the perpetuation-of-testimony statutes. Conceded it would be advantageous to know the policy limits, defenses and other information requested in the interrogatories attached to the petition as filed, the questions propounded are not directed to such issues of fact as would preclude the filing of a petition until the information therein requested had been obtained.

The long established public policy relative to sanctity of private contract would surely be circumvented if the information here sought was ordered forthcoming. See *Slater* v. *Motorists Mutual Ins. Co.*, 174 Ohio St. 148.

Though there is a dearth of litigation in Ohio on the question here at issue, it would seem that the holdings of the Supreme Court of Nevada in *State, ex rel. Allen*, v. *Second Judicial District Court*, 69 Nev. 196, 245 P. 2d 999, state the more reasonable approach to the use of the perpetuation-of-testimony statutes as here attempted (that court quoting from the dissenting opinion in *Superior Ins. Co.* v. *Superior Court*, 37 Cal. 2d 749, 235 P. 2d 833):

" 'The conclusion that an injured person has a "discoverable interest" in the contract insuring the liability of the tort feasor whenever an action is pending against the named insured, misconceives the relationship of the parties. The demand of [applicant] to examine the policy by way of *perpetuation of testimony* is based upon the assertion that she *expects* to sue Superior Insurance Company and its insured in the event that she obtains a judgment against him. But such litigation will

not be to "recover" a loss under the policy; properly classified, it is an action to be reimbursed for damages suffered. * * * The primary purpose of allowing an injured person to sue the insurer is to protect the judgment creditor against the bankruptcy or insolvency of the debtor. * * * [Applicant] claims to be entitled to know the amount of the maximum liability of the insurer and the premiums paid on the policy. These facts are not germane to any issue which may be presented in the action against the insured; obviously the sole purpose of the present proceeding is to obtain information which will aid in negotiating for a settlement. This is not within the legitimate purview of the statutes providing for the perpetuation of testimony * * *.' ''

See, also, *Hillman* v. *Penny*, 29 Federal Rules Decisions 159 (D. C., Tenn., 1962), wherein a similar conclusion is reached in a decision involving the very broad discovery permissible under the Rules of Civil Procedure, Rule 26(b). See Federal Rules of Civil Practice, Rule 26(b), Title 28 United States Code.

For the reasons assigned, the judgment of the trial court is reversed and the demurrer to the second cause of action and the interrogatories attached thereto is sustained.

*Judgment reversed.*

JONES, J., concurs in the syllabus and in the judgment.
LYNCH, J., dissents.

JONES, J., concurring. This is a suit brought by the injured party directly against the insurer of the alleged tortfeasor. The insured has not yet been sued. The parties agree that the sole issue is: "Is there a right to obtain, by petition to perpetuate testimony, information regarding the liability insurance policy of an alleged tortfeasor, before judgment against such tortfeasor?"

Without hesitancy or equivocation I would answer in the negative. Sections 2319.32 through 2319.38, Revised Code, referring to perpetuation of testimony, did not contemplate the allowance of perpetuation of such immaterial evidence.

An injured plaintiff must first recover a judgment against the insured tortfeasor, and then, if the judgment remains unsatisfied for thirty days, the plaintiff has the right to proceed against the claimed insurer under authority of Section 3926.06, Revised Code, the so-called "supplemental-petition statute." At that time such information as to policy limits, etc., of the insurer allegedly having coverage upon the tortfeasor is subject to perpetuation pursuant to law.

It is a first principle that a party may not discover, by any means, that which by law is not discoverable, and certainly no long opinion need be written on this point. I concur with Johnson, P. J.

LYNCH, J., dissenting. I agree with the opinions of the trial court dated March 28, 1965, and May 8, 1965, and I would affirm the judgment in this case.