**SORG PAPER CO., Plaintiff,**

v.

**William MURPHY, Area Director, Cincinnati Area Office, Occupational Safety and Health Administration, U.S. Department of Labor, Defendant.**

No. C-1-85-1235.

United States District Court, S.D. Ohio, W.D.

July 11, 1986.

Gary W. Auman, Sherri J. Cato, Trial Attys., Smith & Schnacke, Dayton, Ohio, for plaintiff.

Donetta D. Wiethe, Asst. U.S. Atty., Cincinnati, Ohio, for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SPIEGEL, District Judge:

This matter came on for consideration of defendant William Murphy's motion for an order dismissing the complaint, pursuant to Rules 8 and 12, Fed.R.Civ.P., because the Court lacks jurisdiction to entertain the action and because the complaint fails to state a claim upon which relief can be granted (doc. 6). Plaintiff filed its response in opposition (doc. 9), to which defendant has replied (doc. 11).

### I. Facts and Procedural Posture

In this case, it appears that the Sorg Paper Company has alleged a potential tort claim against defendant William Murphy for abuse of his position as Area Director of the Cincinnati Area Office of Occupational Health and Safety Administration (OSHA). In order to "assist plaintiff in ascertaining whether or not it has a valid cause of action" (*see* doc. 1, Complaint for Discovery), Sorg filed a complaint for discovery pursuant to Ohio Rev.Code § 2317.-48 (Page Supp.1985) in the Hamilton County Common Pleas Court, which subsequently was removed to this Court under the authority of 28 U.S.C. § 1442(a)(1). Defendant then filed the above-described motion to dismiss Sorg's complaint.

Defendant contends that the instant claim should be dismissed for a number of reasons. Those reasons include vagueness of the complaint, in violation of Rules 8 and 12. They also include lack of subject matter jurisdiction upon removal, whereby defendant maintains that Ohio Rev.Code § 2317.48, proffered by plaintiff as its jurisdictional grounds, is nothing more than a procedural device rather than a substantive cause of action. Because, under the doctrine established in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.

1188 (1938), this Court is bound only to apply substantive state law, subject matter jurisdiction is lacking, according to defendant. Moreover, insofar as plaintiff appears to assert a claim in the nature of a *Bivens* action, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), meaning that the claim is directed against defendant Murphy alone as an individual rather than in his official capacity as an officer of the United States, defendant suggests that the Court lacks personal jurisdiction as well because service of process was defective. Finally, defendant argues that he is absolutely immune from suit as an officer of the United States.

### II. Subject Matter Jurisdiction

■ Defendant argues that subject matter jurisdiction is lacking in this case because of plaintiff's misplaced reliance on Ohio Rev.Code § 2317.48, which defendant argues is an antiquated procedural device that has been superseded by the Ohio Rules of Civil Procedure. While we find defendant's argument intuitively appealing, it fails in the face of the Ohio legislature's amendment of section 2317.48 in 1985. That amendment suggests that the legislature, at least, does view the statute as conferring a substantive cause of action that evidently is not superseded by the Rules.

■ The statute provides:

§ 2317.48 Action for discovery.

When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath

by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable.

It is true that the bulk of reported cases concerning the statute were decided before the passage of the Ohio Rules of Civil Procedure in 1971. *See Walker v. Allstate Ins. Co.*, 7 Ohio App. 2d 85, 219 N.E.2d 61 (1966); *Levin v. Cleveland Welding Co.*, 118 Ohio App. 389, 187 N.E.2d 187 (1963); *Placke v. Washburn*, 69 Ohio Law Abstr. 565, 126 N.E.2d 610 (1953); *Lawson v. Hudepohl Brewing Co.*, 46 Ohio Op. 15, 101 N.E.2d 254 (1951); *Driver v. F.W. Woolworth Co.*, 58 Ohio App. 299, 16 N.E.2d 548 (1938); *Cleveland Electric Illuminating Co. v. Hitchen*, 3 Ohio N.P. 57 (1905). However, in 1983 the Court of Common Pleas of Montgomery County decided *Metscher v. Centerville Board of Education*, 8 OBR 251, 459 N.E.2d 249 (Ohio 1983), wherein the plaintiff, a student at one of defendant's schools, brought an action for discovery under section 2317.48 after being injured during a physical education class. Defendant argued in that case that, based on the words "adverse party" in the statute, the plaintiff could not allege facts sufficient to state a cause of action under circumstances that would make defendant an adverse party. Defendants' defense was lack of statutory consent or sovereign immunity. *Id.* The court held that the Board of Education was not and could not become an adverse party to the plaintiff with respect to the accident. While the court did not comment expressly on the present-day viability of section 2317.48, its unquestioning application of the statute indicates the court's belief that the complaint for discovery continues to provide a substantive cause of action. Therefore, as both the General Assembly and one court have spoken recently, we cannot agree with defendant that section 2317.48 is an antiquated procedural device, and, instead accept that the statute constitutes substantive law for the purposes of this motion.[1] Accordingly, we cannot con-

clude that the court from which this case was removed lacked subject matter jurisdiction such that we, too, lack same derivatively upon removal.

### III. Rules 8 and 12

Having so ruled, we nonetheless believe plaintiff's complaint should be dismissed for the reason that plaintiff failed to comply with Rule 8, Fed.R.Civ.P., requiring a short and plain statement of the grounds for jurisdiction and the basis of its claim, and Rule 12, for failure to state a claim upon which relief can be granted.

■ Plaintiff's complaint is void of particularity regarding the factual circumstances that surround this lawsuit and the specific causes of action that arise therefrom. Paragraph three of the complaint states, "Plaintiff has sustained losses in the form of loss of productivity, loss of production, as well as legal expenses incurred as a consequence of its dealings with the Occupational Safety & Health Administration." This statement gives little indication to the defendant or the Court what actually is being asserted by the plaintiff. This vagueness is exacerbated in paragraph four of the complaint:

> Plaintiff believes that it *may* have a cause of action against the defendant herein, the United States Government, or other individuals involved in the administration of the Occupational Safety & Health Act. Plaintiff however, is without sufficient information or evidentiary material to determine precisely whether the aforementioned potential defendants did unlawfully undertake a course of conduct which proximately caused plaintiff's losses. (Emphasis added.)

The violation of Rules 8 and 12 becomes all the more pronounced when one considers the historical use of section 2317.48. While section 2317.48 is titled "Action for Discovery," in the reported decisions regarding the statute, a specific, recognized cause of action was filed first, followed by a complaint for discovery under the stat-

---

1. *But see* 36 O.Jur.3d, *Discovery and Depositions* § 1 (1982).

ute.[2] *See Walker,* 7 Ohio App. 2d at 86, 219 N.E.2d at 62; *Levin,* 118 Ohio App. at 391, 187 N.E.2d at 189; *Placke,* 69 Ohio Lw Abstr. at 566, 126 N.E.2d at 611; *Lawson,* 46 Ohio Op. at 16, 101 N.E.2d at 254; *Driver,* 58 Ohio App. at 300, 16 N.E.2d at 549; *Cleveland Electric,* 3 Ohio N.P. at 58.

It appears to the Court that the absence of a recognized cause of action in this case suggests that plaintiff is on a "fishing expedition." Such conduct was not contemplated by the statute. *See* 36 O.Jur.3d, *Discovery and Depositions* § 2 (1982). If parties were allowed discovery under the statute for the purposes of "happening on" or "finding" a cause of action, the potential for abuse would be inordinate. This potential hazard should have been particularly avoided in a situation involving a federal official who might be cloaked with absolute or qualified immunity. While we do not reach the issue of immunity per se in this case, we find it notable that in *Harlow v. Fitzgerald,* 457 U.S. 800, 814, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982), the Supreme Court emphasized the importance of protecting federal officers from interference with their duties and from potentially disabling threats of liability. Plaintiffs simply may not rely upon unsupported allegations and the hope that subsequent discovery will support their contentions. *Id.* at 817–18, 102 S.Ct. at 2737–38. Moreover, that protection has been heightened by the more recent decision in *Mitchell v. For-* syth, 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), under which an order denying immunity may be appealed immediately.[3]

We thus disagree with plaintiff that the complaint for discovery is exempt from the pleading requirements of Rules 8(a) and 12(b)(1), (6), Fed.R.Civ.P. The case cited by plaintiff, *Knob v. Copeland Refrigeration Corp.,* 118 Ohio App. 324, 194 N.E.2d 599 (1963), does not permit the complaint for discovery without a statement of the underlying claim for relief.

Therefore, on the basis of the foregoing reasons, this case should and will be dismissed.

## IV. Personal Jurisdiction

■ The vagueness surrounding plaintiff's complaint has raised further problems. Only through a subsequent memorandum does it appear that plaintiff is asserting a claim in the nature of a *Bivens* action,[4] as in its memorandum in opposition to the motion to dismiss plaintiff points out that the complaint is against defendant Murphy himself and not the United States (doc. 9 at 8). A *Bivens* action is designed to attack the personal liability of a federal employee in his individual, unofficial capacity and thus the courts must acquire personal jurisdiction over the named defendants in order to enter a binding judgment. *Griffin v. Nixon,* 518 F.2d 1195 (2d Cir.), *cert. denied,* 423 U.S. 995, 96 S.Ct. 422, 46

---

**2.** In the Montgomery County Common Pleas decision discussed previously, *Metscher v. Centerville Bd. of Educ.,* because of the court's focus on the defendant's argument that it was not an "adverse party" and that it was immune, it is unclear whether the plaintiff first filed a recognized cause of action. Nevertheless, the factual circumstances surrounding the underlying claim in *Metscher* were clearer than they are in this case.

**3.** The *Harlow* Court even went so far as to seemingly suggest that no discovery take place until the "threshold" immunity question is resolved by the trial judge. 457 U.S. at 818–19, 102 S.Ct. at 2738–39. It is possible, however, that certain discovery need be engaged in before a ruling can be made, a scenario with which this Court has had to deal in cases on our docket, as has our colleague Judge Rice. *See*

*Elam v. Montgomery County,* 573 F.Supp. 797 (S.D.Ohio 1983).

**4.** While we accept defendant's interpretation of the case as being in the nature of a *Bivens* action, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Court by no means is commenting on whether the underlying nature of the claim states a constitutional violation under *Bivens.* We reiterate our comments delivered in Part III of this Opinion and Order. Assuming plaintiff's complaint was intended to plead a *Bivens* action, before we could pronounce such a pleading to be sufficient to defeat a motion to dismiss, we would need some indication from plaintiff as to how defendant Murphy's actions were responsible for its loss of productivity, etc., and of which laws defendant's actions allegedly ran afoul.

L.Ed.2d 369 (1975). Defendant asserts that the appropriate method of service under Rule 4(d), Fed.R.Civ.P., is dependent upon the theory under which a party proceeds. *Id.* at 1196; *Micklus v. Carlson,* 632 F.2d 227, 240 (3d Cir.1980); *Relf v. Gasch,* 511 F.2d 804, 808 n.18 (D.C.Cir.1975). When money damages are sought from a public official in his individual capacity, service by certified mail under Rule 4(d)(5) is not sufficient.[5] Therefore, assuming the instant case involves an apparent tort claim and is in the nature of a *Bivens* action, plaintiff must accomplish personal service under Rule 4(d)(1).[6] The United States also must be served under Rule 4(d)(5). *Micklus,* 632 F.2d at 240. In defendant's reply memorandum in support of its motion to dismiss, defendant points out that Sorg only tried to serve defendant Murphy in his office and that the certified mail return receipt was not signed by him but instead by the OSHA receptionist (doc. 1 at 4). Defendant concludes there is no evidence to suggest that the receptionist was authorized to accept his mail and therefore service of process was insufficient to bind defendant Murphy. Plaintiff has not requested leave to submit an additional memorandum regarding this point or defendant's personal jurisdiction theory as a whole. Therefore, having read the proferred authorities, we accept defendant's position. We also have no evidence that the United States was served. Personal service is especially important when an official of the United States is involved again because of the immunity, absolute or qualified, enjoyed by federal officials in order to avoid harassment and vexations suits. *See Harlow,* 457 U.S. at 814, 102 S.Ct. at 2736; *Butz v. Economou,* 438 U.S. 478, 515, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895 (1978). While, as noted before, we do not address the immunity issue in this case, it is important to understand the relationship between personal service and immunity.

Accordingly, personal jurisdiction is lacking in this case. *See generally Smith v. Western Offshore, Inc.,* 590 F.Supp. 670 (E.D.La.1984); *Thompson v. Kerr,* 555 F.Supp. 1090 (S.D.Ohio 1982). While our custom ordinarily would be to quash the old service and permit new service to be made, given the defects already outlined, this problem of lack of personal jurisdiction is but another reason to dismiss this case.

### V. Immunity

Because we have dismissed this case for failure to comply with Rules 8 and 12, Fed.R.Civ.P. and for lack of personal jurisdiction, we decline, as indicated earlier, to address the issue raised by defendant concerning Murphy's absolute immunity to suit under *Harlow* and *Butz.*

---

**5.** Rule 4(d)(5) provides:

   (d) Summons and Complaint: Person to be Served. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

   (5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule.

**6.** Rule 4(d)(1) provides that service shall be made as follows:

   Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Rule (c)(2)(C)(ii) has been amended to allow personal service on individual defendants by first class mail, when it is accomplished:

   by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

## VI. Conclusion

Having concluded that defendant's motion is well-taken, it should be granted. It is hereby Ordered that the complaint in this action is dismissed without prejudice.

SO ORDERED.