KLEIN, D.B.A. COIN VALET PLAZA, APPELLANT, v. BENDIX-WESTINGHOUSE AUTOMOTIVE AIR BRAKE CO., APPELLEE.

[Cite as Klein v. Bendix-Westinghouse Automotive Air Brake Co., 8 Ohio App. 2d 271.]

(No. 1703—Decided November 23, 1966.)

*Messrs. Katz & Trombetta,* for appellant.

*Messrs. Hauxhurst, Sharp, Mollison & Gallagher,* for appellee.

HUNSICKER, J. An appeal on questions of law has been lodged in this court from an order of the Common Pleas Court of Lorain County, wherein that court is charged with an abuse of its discretion in making certain orders regarding the production for inspection of certain records, and the production for inspection and testing of a self-serve, coin-operated dry cleaning machine.

The plaintiff, Barney Klein (appellant herein), brought an action against the defendant, Bendix-Westinghouse Automotive Air Brake Company (appellee herein), claiming damages for a breach of warranty and loss of business because the coin-operated dry cleaning machine did not function as it was warranted to do. The malfunction of this machine, it is alleged, resulted from the improper operation of parts supplied by Bendix. The machine was not built by Bendix, nor was it sold to

Klein by Bendix. It is alleged that only certain integral parts of the machine were so supplied by Bendix, but that such parts functioned improperly and, hence, caused the losses claimed by Klein.

The order entered by the trial court for Klein to produce documents assumes that he has certain documents he has not produced. There has been no showing that such is the fact. The motion, which is the authority for the order, asks only for those documents which Klein may have that relate to the subject of this controversy. That order should be modified to direct in its preamble that Klein shall produce all such documents asked for which are in his possession, or subject to his control. If there are no such documents in his possession or control, then Klein should so state in his answer to the demand.

We come now to a much more serious problem respecting the order of inspection of the chattel owned by Klein, which, he insists, is the cause of his damages.

This court has heretofore stated in the case of *Levin, a Minor, v. Cleveland Welding Co.*, 118 Ohio App. 389, that:

"A trial court, in a civil action for personal injury, has inherent power to order, under proper safeguard, the inspection and test of chattels claimed to have been the cause of bodily harm, notwithstanding that such inspection and test results in a disassembly of the chattel, and which chattel cannot thereafter be restored to its condition immediately prior to such inspection and test."

It should be noted that the *Levin case* concerns a claim for personal injury alleged to have been sustained by reason of the defective condition of the chattel inspected. In the instant case, there is no claim of physical injury, and there is no claim that an answer cannot be filed until the facts are discovered, as provided for in the statute on discovery, Section 2317.48, Revised Code. The request for inspection of the chattel was made by motion, and not on a petition for discovery.

Should the rule pronounced in *Levin, a Minor, v. Cleveland Welding Co.*, 118 Ohio App. 389, be extended to include an examination of a chattel where no physical injury is claimed to have arisen from its use, but there is only a claim of pecuniary loss by reason of an alleged malfunction of the chattel?

Since the *Levin case,* an annotation on the subject before us has been published in 4 A. L. R. 3d 762 *et seq.* An examination of that annotation, and many of the authorities there cited, shows a great division of authority on the instant subject. We wish, however, to again repeat the view expressed in the *Levin case,* that the trial of a law suit is not a sport, but an inquiry into the truth in which the general public has an interest. To that end, even though this application to inspect the chattel claimed to be the cause of Klein's losses came into court on motion only and not on a petition for discovery, we believe a trial court has the inherent power to order the inspection, under proper safeguards, of a chattel claimed to be the cause of pecuniary loss to a party to the action.

Were "proper safeguards" provided in the order made by the trial court herein? We think they were not; for in making the sweeping order requested by the defense, the court abused its discretion and provided few, if any, conditions to protect the plaintiff in this case. None of the safeguards set out in the *Levin case* were included in the instant order of inspection. So far as the order is concerned (notwithstanding the statements of counsel for Bendix), the order does not provide that all the cost of inspection shall be paid for by Bendix. The order requires Klein to produce the machine, presumably at his own expense and, apparently, at a place designated by Bendix. This is wrong and should be corrected by a proper order.

The order says the machine may be disassembled and parts of the metal may be taken for testing; apparently both chemical and physical testing. Nothing is said about reassembling the machine, nor about replacing such parts as might be destroyed. It must be remembered that only certain parts of the machine were made by Bendix and such parts, it is alleged, were replaced after a previous complaint of malfunction. If these or any other parts of the machine are removed, they should be replaced.

The testing by Bendix employees may, in the words of the order, be repeated at such time and place, and as aften as Bendix desires. The order calls for the machine to be transported to the testing laboratory as selected by Bendix. The cost of removal is not placed on Bendix, and no control over the testing la-

boratory is retained by the court. All of this broad, uncontrolled procedure we believe to be wrong. Testing may be done, as was stated in the *Levin case,* but under proper safeguards. There are no "safeguards" in this or any other part of the order.

The order with reference to interference by, and notification to, the plaintiff is proper in part; but presence on the premises, and presence at the place where, and at the time when, the inspection is made, are not synonymous.

We believe that to secure a "proper safeguard" herein a new order must be prepared by the trial court. The new order should provide that: The trial court shall require inspection to be done by an independent testing laboratory, to be selected by the court from a list of such organizations submitted by the parties; the testing should be done only by the organization so selected; the report of the tests should be submitted to the trial court to be filed in the case; neither party shall interfere with, nor participate in, such testing procedures; any part of the machine damaged or destroyed should be replaced; if disassembled, the machine shall be reassembled and returned to the place where it was kept by Klein; and the cost of the tests, and the removal of the machine, shall be borne by the party asking for the tests (in this case, Bendix).

We believe that such an order will be a protection to the parties, and further the search for the truth, which is the chief function of a law suit.

No complant is made as to the judgment entered on the interrogatories numbers 15 (b) and 20; and we do not consider that judgment in this appeal.

We find the orders as made in relation to the inspection and the production of documents to be an abuse of discretion on the part of the trial court, and, hence, we reverse the judgments entered thereon, and remand the cause to the trial court for further proceedings, not inconsistent with this opinion.

*Judgments reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.