SLABINSKI, APPELLEE, *v.* SERVISTEEL CORPORATION, APPELLANT.

(No. 3791—Decided May 1, 1985.)

*Andrew P. Krembs* and *Joel Levin,* for appellee.

*David H. Shaffer* and *James L. Bickett,* for appellant.

*Per Curiam.* Defendant-appellant, Servisteel Corporation, challenges an order issued by the Lorain County Court of Common Pleas permitting plaintiff-appellee, Steven Slabinski, to inspect a steel-splitting machine on Servisteel's premises. We reverse and remand.

On April 17, 1984, Slabinski was employed by Servisteel. On that date, Slabinski was injured while operating a steel-splitting machine. Believing that his injuries may have been caused by the negligence of others, Slabinski contacted an attorney who desired to inspect the machine in order to evaluate his client's legal rights. Servisteel refused to permit inspection.

On August 31, 1984, Slabinski filed a petition with the Lorain County Court of Common Pleas pursuant to R.C. 2317.48 alleging the above-stated facts as well as the fact that an examination was necessary to the preparation of his lawsuit. Servisteel answered, contending that inspection was unnecessary, and asked the court to dismiss the petition. The court overruled Servisteel's motion to dismiss and ordered inspection of the machine.

Assignment of Error I

"The trial court erred when it denied appellant's motion to dismiss plaintiff-appellee's complaint."

At the time of the trial court's order, R.C. 2317.48 stated:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without a discovery of the fact from the adverse party, is unable to file his petition or answer, he may bring an action for discovery, setting forth in his petition the necessity therefor and the grounds thereof, with such interrogatories relating to the subject matter of the discovery as are necessary to procure the discovery sought. If such petition is not demurred to, it must be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs thereof shall be taxed in such manner as the court deems equitable."

Servisteel contends that since Slabinski has not filed a lawsuit, it is not an adverse party as contemplated by the statute. We do not agree.

Clearly, the statute is designed to allow a person who may have a cause of action to discover the potential grounds thereof before commencing suit. Since no complaint has been filed, there are no parties such as a plaintiff or a defendant. Thus, the term "party" must

mean the person or entity of whom discovery is sought. This person or entity is adverse to the petitioner in the sense that he, she or it refused to divulge the information or, as here, to permit the inspection requested by the petitioner. Since Servisteel refused Slabinski's request to examine the machine, it is an adverse party for purposes of R.C. 2317.48. See, also, *Huynh* v. *Werke* (S.D. Ohio 1981), 90 F.R.D. 447, 450.

Servisteel further contends that Slabinski's remedy under the statute is limited to answers to interrogatories. Again, we disagree. Both *Levin* v. *Cleveland Welding Co.* (1963), 118 Ohio App. 389 [25 O.O.2d 287], appeal dismissed (1963), 175 Ohio St. 162 [23 O.O.2d 453]; and *Klein* v. *Bendix-Westinghouse Automotive Air Brake Co.* (1966), 8 Ohio App. 2d 271 [37 O.O.2d 271], reversed on other grounds (1968), 13 Ohio St. 2d 85 [42 O.O.2d 283], hold that R.C. 2317.48 requires not only answers to interrogatories, but also inspections of real and personal property.

Moreover, Slabinski's petition states that he needs to view and photograph the machine in order to properly assess his legal situation. Clearly, this cannot be accomplished via answers to interrogatories.

### Assignment of Error II

"The trial court erred when it, *sua sponte,* ordered appellant to allow plaintiff-appellee's counsel to inspect machinery and equipment owned by appellant."

Slabinski's petition asks the court to:

"* * * order the defendant Servisteel Corporation to permit the plaintiff, his counsel, and representatives of his choice to visit the defendant plant at a time convenient to the defendant as well as the plaintiff and his representatives, to examine the machine in question, take appropriate photographs, and to test said machine and conduct any and all other investigative procedures pursuant to the advancement of the plaintiff's possible cause of action."

Since the request is so broad, the trial court should have conducted a hearing and taken into consideration the needs and requirements of both parties and defined the scope of the inspection.

### Assignment of Error III

"The trial court erred when it refused to make findings of fact and conclusions of law as provided in Civil Rule 52 upon timely request for the same by appellant."

This assignment of error is moot in view of our remand.

We sustain appellant's second assignment of error and overrule the first and third assignments of error. The judgment is reversed, and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

GEORGE, P.J., MAHONEY and BAIRD, JJ., concur.