## Bartok v.
## Merrill Lynch, Pierce, Fenner & Smith, Inc.
*[Cite as 6 AOA 269]*

*Case No. 14500*
*Summit County, (9th)*
*Decided August 8, 1990*

*Frederick M. Lombardi and Robert L. Tucker, Attorneys at Law, 50 South Main Street, P.O. Box 1500, Akron, Ohio 44309, for Plaintiff.*

*Thomas M. Parker & Lori L. Van Ascher, Attorneys at Law, 75 East Market Street, Akron, Ohio 44308, for Defendant.*

*Richard W. Burke for Paul B. Blough, 10175 Mennoite Road, Rittman, Ohio 44270, for Plaintiff.*

*Charles T. Altwies, Attorney at Law, One Cascade Plaza, Suite 1450, Akron, Ohio 44308, for Plaintiff.*

CIRIGLIANO, J.

Appellant Merrill, Lynch, Pierce, Tenner's Smith (Merrill Lynch) appeals from the trial court's order granting the motion of appellee Michael Bartok for summary judgment. We affirm.

On August 12, 1988, Michael Bartok instituted a discovery action pursuant to R.C. 2317.48 against Merrill Lynch and a former broker employed by Merrill Lynch, Ben Slough. With his complaint, Bartok attached interrogatories in which he sought to procure information on alleged wrongdoings committed by the company and its broker in the trading of certain bonds. In September, Merrill Lynch moved to dismiss the discovery action or stay it pending arbitration. The company claimed that Bartok bad agreed that all controversies would be settled by arbitration. Merrill Lynch argued that Bartok was prohibited by the agreement from pursuing a remedy in any other tribunal. Thus, he could not bring a discovery action in the court of common pleas. While the motion to dismiss was pending before the trial court, five former clients of Merrill Lynch moved to intervene in the action.

In January of 1989, the trial court overruled the company's motion to dismiss or stay. Merrill Lynch's appeal from this order was dismissed as a non-final order. *Bartok v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (Sept. 6, 1989), Summit App. No. 14009, unreported. In early February, the trial court granted the motion to intervene. Later that month, Bartok filed a motion for summary judgment and an affidavit setting forth the grounds for the discovery action. Merrill Lynch assigns one error in its appeal from the trial court's order granting summary judgment in the discovery action.

### Assignment of Error

"The trial court erred by refusing to enforce the parties' agreement to resolve their disputes exclusively through the use of arbitration proceedings."

Merrill Lynch contends that the trial court's decision to allow Bartok's R.C. 2317.48 complaint for discovery to proceed abrogates the arbitration

agreement entered into by the parties. Merrill Lynch contends that because the arbitration agreement provides for discovery, Bartok is bound by the arbitration procedures and failure to enforce the procedures permits a party to unilaterally modify a contractual right and puts courts into the business of partially over seeing matters which belong in arbitration. In response, Bartok claims that nothing in the arbitration agreement precludes an action for discovery and that, under these circumstances, the information needed to assess the propriety of pursuing any action is exclusively within Merrill Lynch's possession.

In his affidavit attached to Bartok's motion for summary judgment, counsel for Bartok stated that his repeated efforts to obtain certain information from Merrill Lynch brought nothing. As a result, the action for discovery was pursued. Mr. Bartok stated that he had no copies of documentary information relating to the bonds and had never been provided with such documents.

The Code of Arbitration adopted by the National Association of Securities Dealers, Inc. (NASD) is potentially applicable to this case.[1] The NASD code provides for discovery once arbitration proceedings are initiated. A claim is initiated as follows:

"(a) The Claimant shall file with the Director of Arbitration an executed Submission Agreement, a Statement of Claim of the controversy in dispute, together with the documents in support of the Claim and the required deposit. Sufficient additional copies of the Submission Agreement and the Statement of Claim and supporting documents shall be provided to the Director of Arbitration for each party and each arbitrator. The Statement of Claim shall specify the relevant facts and the remedies sought. The Director of Arbitration shall endeavor to serve promptly by mail or otherwise on the Respondent(s) one (1) copy of the Submission Agreement and one (1) copy of the Statement of Claim."

Per his undisputed affidavit, Bartok claims that he has requested documents to support his claim. Bartok's efforts and those of his attorney met a stonewall. Bartok has not yet reached the arbitration stage in that he hasn't even been given the information to support his claim.

A similar issue was addressed in *Kaufman v. Shearson Lehman Hutton, Inc.* (Apr. 27, 1989), Cuyahoga App. No. 56299, unreported wherein the court stated:

"***

"Appellants' assignment of error is overruled. The arbitration provision in appellants' customer agreements does not preclude a discovery action pursuant to R.C. 2317.48. The purpose of R.C. 2317.48 is to allow a party who may have a cause of action 'to discover the potential grounds thereof' prior to commencing an action. *Slabinski v. Servisteel Corp.* (1985), 22 Ohio App. 3d 74. As R.C. 2317.48 is not intended to resolve claims or controversies, its use is not limited by the particular forum in which an action must be brought.

"Additionally, R.C. 2711.02 does not mandate the trial court to stay. the discovery order as an action for discovery under R.C. 2317.48 is not an issue 'referable to arbitration.'

"Judgment affirmed.

"***."

Under these facts, we find no error in the trial court's decision ordering Merrill Lynch to make discovery as prayed for in Bartok's complaint.

The assignment of error is overruled and the decision of the trial court is affirmed.

CIRIGLIANO, J., for the court.
REECE, P.J. and BAIRD, J., concur.

---

[1] Merrill Lynch has provided this court with a document purporting to represent a customer agreement similar to one signed by Bartok. The agreement includes the following:
"Agreement to Arbitrate Controversies
"Except to the extent that controversies involving claims arising under the Federal securities laws may be litigated, I agree that any controversy between us arising out of your business or this Agreement shall be submitted to arbitration conducted under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc., as I may elect. If the controversy involves any security or commodity transaction or related contract executed on an exchange located outside the United States, then such controversy shall, at my election, be submitted to arbitration conducted under the constitution of such exchange or under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or the Code of Arbitration Procedure of the National Association of securities Dealers, Inc. Arbitration must be commenced by service upon the other of a written demand for arbitration or a written notice of intention to arbitrate, electing the arbitration tribunal. In the event I do not make such designation within five (5) days of such demand or notice, then I authorize you to do so on my behalf."