## PROCEEDINGS TO COMPEL PRODUCTION OF BOOKS AND DOCUMENTS.

Circuit Court of Stark County.

THE STARK ROLLING MILL COMPANY v. THE OCEAN ACCIDENTAL & GUARANTY COMPANY.

Decided, October 2, 1908.

*Action for Discovery—Proceedings Under the Statutes to Compel Production of Books and Writings—Right of Inspection and Copies —Enforcing Answers to Interrogatories—Truthfulness of Answers—Interpleader—Equity Jurisprudence—Contract for Insurance Against Liability Arising from Injuries to Employes.*

When under a given state of facts Section 5293, Revised Statutes, together with Sections 5289, 5290 and 5101, will afford the same re-

lief as was formerly administered in chancery by a bill of discovery under the same facts, the provisions of said sections must be pursued.

*Linch & Day,* for plaintiff in error.
*Shields & Pomerene,* for defendant in error.

CRAINE, J.; DONAHUE, J., and TAGGART, J., concur.

The Ocean Accidental & Guaranty Company brought an action in the nature of a bill of discovery in the court of common pleas against the Stark Rolling Mill Company, in which it in substance alleges that it entered into a contract with the Stark Rolling Mill Company, whereby it agreed to insure the defendant below against liability arising from injury to certain employes of the defendant; that the premium to be paid by the defendant depended upon the amount of wages paid by the defendant to its employes; that the amount of premium, to be paid in advance, was based upon an estimate of the amount of wages to be paid; and that if that estimate was too high, then the plaintiff was to make certain refunder to the defendant, but if the estimate was too low then the defendant was to pay the plaintiff an additional amount; that the provisions of the contract provided that the plaintiff might have an inspection of the books of the defendant for the purpose of determining the amount of wages paid to the defendant's employes; that the plaintiff believed and was informed that the wages paid by the defendant were much higher than had been reported to it by the defendant; that the plaintiff demanded of the defendant an inspection of its books and papers, for the purpose of determining what the wages that had been paid were; that the defendant refused to allow the plaintiff to inspect its books; that the plaintiff believed and was informed that the defendant had paid a larger amount to its employes than it reported to the plaintiff; and that the plaintiff desired to bring an action against the defendant, but could not do so without an inspection of the books and papers of defendant to determine the amount of wages paid, and asked for an order of discovery, and that the defendant be compelled to exhibit its books and papers to the plaintiff.

The defendant filed a demurrer to this petition, on the ground that it did not state facts sufficient to constitute a cause of action, claiming that if the plaintiff wanted an inspection of the books and papers of the defendant, or a discovery of any facts peculiarly within the knowledge of the defendant, it should have resorted to the provisions of Sections 5293, 5289, 5290 and 5101, Revised Statutes.

On a hearing of this demurrer, the court of common pleas overruled the same, and the defendant below prosecuted error to this court asking this court to reverse the judgment of the court of common pleas in overruling such demurrer.

Upon the adoption of the code of civil procedure in 1851, the distinction between forms of action at law and in equity was abolished, but the power to grant equitable relief existed thereafter, as well as before, and equity jurisprudence exists in this state the same as it did before the adoption of the code, excepting where it has been changed or modified by the Legislature.

Before the adoption of the code, if a party was unable to bring his action at law without the discovery of some facts peculiarly within the knowledge of the defendant, he could file his bill of discovery in a court of equity, setting forth the fact that he had a cause of action, but by reason of some information possessed by the defendant, which he himself did not possess, he was unable to file his action at law, and submit certain interrogatories in his bill, which the defendant was required to answer under oath. If the bill was properly brought, the defendant was required to answer these interrogatories under oath, but this was the extent of the relief afforded by a bill of discovery.

A court of equity went no farther than requiring the defendant to answer these interrogatories under oath; and the answers, so made by the defendant, could be used in the action at law.

After the adoption of the code of civil procedure, the Legislature enacted Section 5293, Revised Statutes, which seems to be almost, if not entirely, equivalent to a bill of discovery in equity.

Section 5293, Revised Statutes, undertook to *direct a course of procedure* in all cases where adequate relief could be obtained under it.

In the 62d Ohio State, page 41, we find the first paragraph of the syllabus reading as follows:

"The purpose of Section 5016, Revised Statutes, which permits a defendant before answer, in an action upon contract or for the recovery of personal property, to interpose an affidavit, and ask that opposing claimants interplead, was intended as auxiliary to the practice in chancery respecting interpleader, and to direct the practice in the particular classes of cases named, and was not intended to regulate the entire subject of the interpleader."

Interpleader was recognized in courts of equity, but the Legislature of the state passed Section 5016, Revised Statutes, providing for interpleader, and the Supreme Court in that case held that when the Legislature had passed a law upon the subject of interpleader, that statute directed the practice and should be pursued, when the statute gave adequate relief under the facts of the case.

We think Section 5293, Revised Statutes, falls within the doctrine announced in the 62d Ohio State, 41, and that if relief can be granted under Sections 5293, 5289, 5290 and 5101, Revised Statutes, then their provisions must prevail, and the party seek his relief in accordance therewith.

If Sections 5293, 5289, 5290 and 5101, Revised Statutes, could be ignored when their provisions control or apply to a particular case, then it would be useless for the Legislature to undertake to prescribe a course of procedure.

An analysis of Section 5293, Revised Statutes, will show that its provisions apply to just such a case as alleged in the petition. It reads:

"When a person claiming to have a cause of action is unable without a discovery of the facts from the adverse party to file his petition such person may bring his action for the discovery, setting forth in his petition the necessity for such discovery and the grounds therefor, and such interrogatories relating to the subject-matter of the discovery as may be necessary to procure the discovery sought."

Now applying that section to the case at bar. The plaintiff claims to have a cause of action; it claims that it is unable with-

out a discovery of the facts from defendant to file its petition. Now what should it do?

It should do just exactly what the statute provides: file its petition setting forth the necessity and grounds for the discovery, and attach such interrogatories relating to the subject-matter of the discovery, as may be necessary to procure the information sought.

The plaintiff below did all that is required by this section of the statute, except that it did not attach interrogatories. But in failing to attach such interrogatories it ignored the plain provisions of the statute.

It is said, however, that the answers to the interrogatories might not be truthful, and that it was necessary that the plaintiff might see the books in order to ascertain whether or not the answers were true. A bill of discovery in chancery never gave the plaintiff such a right. It simply compelled the defendant to answer the interrogatories under oath, and that was the extent to which a court of chancery would go. That being true, Section 5293 gives the same relief as did a bill of discovery in chancery.

Pomeroy's Equity Jurisprudence, Section 82, Vol. 1 (new edition), together with the 45th Ohio State, 365, 366, gives a very clear statement as to the relief afforded by a bill of discovery in chancery, and on page 366 of the 45th Ohio State, the court says:

"All the aid which a suit of discovery would give is now given by our code in a case at law itself."

In our judgment, Section 5293, Revised Statutes, is a substitute for the old bill of discovery in chancery, and the provisions thereof should be followed when applicable.

It is claimed, however, by plaintiff below that under its contract with the defendant, it had a right to an inspection of defendant's books, and a court of equity should enforce that contract. In answer to this, we say that parties contracting together can not by virtue of their contract extend the equity power of the court, nor can they enlarge the statute.

Sections 5289, 5290, 5101, Revised Statutes, afford ample means for obtaining an inspection of the books or papers of an

adversary, and should be resorted to rather than to apply to a court of equity.

We think these statutes are as broad as the old chancery practice and provide a method of procedure, and that method must be pursued, and in holding otherwise the court of common pleas erred in overruling the demurrer.

The judgment of the court of common pleas will therefore be reversed, at the costs of defendant in error; and this court proceeding to render the judgment the court of common pleas should have rendered, dismisses the petition of the plaintiff below at its costs.

## PROSECUTION OF ERROR WHERE THERE WERE TWO FINAL DECREES.