## FURMAN v. CENTRAL PARK PLAZA CORPORATION.

Common Pleas Court, Cuyahoga County.

No. 619596.   Decided August 20, 1951.

A. L. Kearns, A. R. Roman, Cleveland, for plaintiff.

Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant.

## OPINION

By LYBARGER, J.

The plaintiff's petition sets forth an action for personal injury alleged to have been sustained when she caught her heel in carpeting and fell down a stairway in defendant's hotel. In its answer the defendant denies that it was negligent and alleges negligence on the part of the plaintiff.

Upon defendant taking the plaintiff's deposition, the plaintiff testified that she and her husband and three other couples were coming down the stairs when the accident happened. She was then asked what were the names and addresses of the three other couples. Her counsel objected and instructed plaintiff not to answer. Whereupon the notary, before whom the deposition was being taken, instructed her to answer, but plaintiff refused.

The matter is now before the court on the request of the notary that the court instruct the witness to answer the questions asked of her. Defendant contends that the questions were relevant to the issue, but that even if they were not the plaintiff should have answered, leaving to the trial court the decision of the question of relevancy. The plaintiff contends that she is not required to divulge on the taking of a deposition matters relating exclusively to her case or the names and addresses of the witnesses by whom she expects to establish her case at the trial.

The right of a party to find out before trial the knowledge of his opponent on the facts in issue was originally peculiar to courts of chancery, which permitted for this purpose a bill of discovery. Equity practice, however, did not require a party to divulge in advance his evidence in support of the facts as he himself stated them, or to disclose the names of his witnesses. Wigmore on Evidence, 3rd Ed., Section 1856, Vol. VI, pg. 422.

In the course of time this equitable practice of requiring discovery of the opponent's own testimony before trial was engrafted by statute upon the practice in common law courts. Statutes which accomplished this were of two general types: (1) permitting a party to annex to his pleading interrogatories pertinent to the issue; and (2) providing that either party may take the deposition of any person as a witness before trial.

The courts in interpreting these statutes have frequently held that their purpose was to extend to all courts a practice which originally was followed only in equity, and that the same principle still prevailed. Thus Wigmore makes it clear that under such statutes "the discovery is limited to the extraction of the opponent's own testimony and cannot be asked

merely to ascertain his other evidence to support his own case."
He says further that "as a corollary to the foregoing limitation,
the opponent cannot be asked to disclose the names of the
witnesses to his own case." Wigmore VI, p. 433, 437.

American Jurisprudence states the law thus:

"With respect to the **scope of the examination** of an adverse
party generally, the rule, in the absence of statute, is that it
may extend to all matters which are competent, relevant, and
material under the issues made by the pleadings, as in the
case of an ordinary witness, but not to matters which relate
exclusively to the case of the adverse party or to the mere
manner in which, or the names of the witnesses by whom, the
adverse party's case is to be established, as distinguished from
evidence relating to the merits of the case as a whole. In
some jurisdictions the matter is governed by express statutory
provision or rules of court." 16 Am. Juris., Section 53, page 722.

In support of the above statement the text cites Ex Parte
Schoepf, which is quoted hereafter.

Ohio Jurisprudence has this to say on the examination of
an adverse party:

"With respect to the right to compel a disclosure of evi-
dence in the possession or under the control of the adverse
party, in his examination by deposition, under the provisions
of §11497 or §11521 GC, it may be regarded as definitely settled
that, as a general rule, **the examination may extend to all
matters which are competent and relevant under the issues
made by the pleadings,** as in the case of an ordinary witness,
but not to matters which are incompetent or irrelevant, or
which are privileged, **or which relate exclusively to the case
of the adverse party,** or to the mere manner in which, or the
names of the witnesses by whom, the adverse party's case is
to be established, as distinguished from evidence relating to
the merits of the case as a whole." **14 O. Jur., p. 37.**

The text relies chiefly on the authority of Ex Parte Schoepf.

The leading case, for many years, on the question here in
issue is **Ex Parte Schoepf, 74 Oh St, 1.** The law is stated in
paragraph 2 of the syllabus as follows:

"The rule in chancery as to compelling the production of
documents for the purpose of evidence and inspection was and
is that a party is entitled to a discovery of such facts or
documents in his adversary's possession or under his control,
as are material and necessary to make out his own case; but
that this right does not extend to a discovery of the manner
in which the adverse party's case is to be established, nor to
evidence which relates exclusively to the adverse party's case."

Much water has flowed under the bridge since Ex Parte

Schoepf was decided in 1906, and there have been frequent pronouncements of the Supreme Court of Ohio on the question of the rights and duties of a party or a witness being examined before an officer taking a deposition. A quick summary of some of the leading cases will be helpful.

In the case of **In re Martin, Jr., 141 Oh St, 87, 25 O. O. 225,** the court reviewed many past decisions bearing on this general subject. It observed that the Schoepf case was "decided upon the question of **privilege** and not upon the question of relevancy, competency or materiality of testimony" (page 95). It overruled one paragraph of the syllabus in the Schoepf case in the following language:

"A witness who is **not a party** has no legal right, upon the taking of his deposition, to refuse to answer any question, upon the advice of his attorney, merely because the attorney believes that the testimony sought is irrelevant, incompetent or immaterial. (Paragraph four of the syllabus in **Ex Parte Schoepf, 74 Oh St, 1; and In re Martin, Jr., 139 Oh St, 609, 23 O. O. 100,** overruled.)"

It should be noted that In re Martin, Jr., is authority for the proposition that a mere witness, who is not a party, cannot refuse to answer a question on the taking of his deposition, upon being ordered to do so, on the ground that it is irrelevant, incompetent, or immaterial. The right to object on these grounds rests solely with a party, and the question of exclusion of evidence on such grounds is one which must be settled by the trial court. In re Martin, Jr. is not directly concerned with the question raised by the plaintiff in the instant case.

The case of **In re Hyde, 149 Oh St, 407, 37 O. O. 94,** dealt with the question of whether or not an employe of a defendant in a personal injury suit must reveal on deposition, company records of busses operating on a certain line at about the time of the alleged collision. Judge Stewart in his opinion reviews the trend of Ohio cases on this general subject.

The court held that:

"The names and addresses of the operators and the times of operation of public transportation vehicles of a company, as well as the times of their operation in reference to an accident involving one of such vehicles, which information, for general purposes, is a matter of record with the company, are not privileged and are relevant and competent as evidence in an action predicated on such accident claimed to have been caused by the negligence of the operator of such a vehicle. Such information may be elicited through a subpoena issued by a notary public, to one having control of the records of

the transportation company, for the taking of his deposition in such action." (Syllabus 2.)

In effect the court said that the information sought to be elicited, although it related exclusively to the defendant's case, was relevant, not privileged, might be brought out at the time of trial and must be given in a deposition.

Further light is thrown on the question at issue by the case of In re Keough, 151 Oh St, 307, 39 O. O. 141. Here one Gebauer, a party to a suit, sought from the defendant on deposition information as to the barn in which a certain street car was kept on the date of an accident, and the names of the operators of cars. The court said that:

"Gebauer was entitled to elicit that information only from the records kept for general purposes by the city and not from any records which were prepared for use in connection with the defense of Gebauer's action. Gebauer was not entitled to the names or reports of any witnesses to his accident, which the city had secured, or to any records of information of any kind which were made or came into existence as the result of or concerning the accident. Such records were privileged in the hands of the city." (page 311.)

In re Shoup, 154 Oh St, 221, 43 O. O. 5, is authority for the proposition that slips of paper containing the names of witnesses to an accident procured by an employe of the defendant after an accident and turned over to the defendant's legal department are privileged and the other side cannot enforce their production.

It would seem that the courts have moved away from the old theory that a lawsuit is a game of wits and that secrecy must surround a party's case until the day of trial. The courts have conceded many advances toward "the abandonment of the rigid common-law doctrine of secrecy." Wigmore VI, p. 435.

In the federal courts the Federal Rules of Civil Procedure have recognized the need of getting at the truth of controversies at an early stage with a view to clearing the issues and eliminating surprise. Hickman v. Taylor, 329 U. S., 495. It is logical that state courts should arrive at the same result. After all, a lawsuit is a quest for truth: relevant matters testified to on deposition will be as true today as at the time of trial.

Turning now to the instant case the court observes that the defendant did not seek at the deposition to obtain the names of witnesses which the plaintiff had gone out and got following the accident, as had been done in the Shoup case. On the authority of the Shoup and the Keough cases such names would have been privileged.

At the deposition the defendant asked for the names and addresses of the persons who accompanied the plaintiff at the time of the accident. This information did not relate exclusively to the plaintiff's case. It was part of the res gestae. It would have been relevant testimony at the time of trial. The questions asked of the plaintiff in the deposition were relevant and not privileged. The notary public is therefore instructed that the questions asked of the witness, Evelyn Furman, are relevant questions which she should have answered; and the witness is ordered to answer the same. The defendant may draw a suitable entry in keeping with this opinion.