124

POULOS, APPELLEE, *v.* PARKER SWEEPER COMPANY, APPELLANT.

[Cite as Poulos *v.* Parker Sweeper Co. (1989), 44 Ohio St. 3d 124.]

(No. 88-1337—Submitted April 12, 1989—Decided July 26, 1989.)

*Tzangas, Plakas & Mannos, Leonidas E. Plakas* and *Elizabeth A. Raies,* for appellee.

*Martin, Browne, Hull & Harper, Glenn W. Collier, Vogelgesang, Howes, Lindamood & Brunn* and *Wayne C. Kyhos,* for appellant.

WRIGHT, J. This case involves our consideration of the proper scope, application and usage of R.C. 2317.48, which states in its entirety:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable."

Prior to the promulgation of the Ohio Rules of Civil Procedure in 1970, this state's civil practice required verified and particularized pleadings.[2] With the advent of the Modern Courts Amendment and notice pleading, the

[2] R.C. 2317.48 was one of the few discovery statutes not repealed when the Ohio Rules of Civil Procedure were adopted. The statute is a codification of what had previously been known as an equitable bill of discovery which was filed prior to a suit at law. The equitable bill of discovery sought no equitable remedy or the obtaining of any equitable right. Rather it was considered an auxiliary proceeding to aid in prosecuting a legal action pending or to be brought. Little discovery was allowed in an action at law. For example, a party to an action at law could not cross-examine the other party or have advance notice of the names of opposition witnesses. Under an equitable bill of discovery, production of documents and inspection of chattels and premises under control of adverse parties were allowed whenever fairness so required. See Aumiller, The Recent Amendment to Ohio Revised Code Section 2317.48 (1986), 20 Akron L. Rev. 47.

The equitable bill of discovery was first codified in 1857 at 54 Ohio Laws 24. After codification, the equitable bill of discovery became "practically obsolete in this state." *Chapman* v. *Lee* (1887), 45 Ohio St. 356, 366, 13 N.E. 736, 740.

Civil Rules provided for extensive pretrial discovery and disclosure of facts within the knowledge and control of the litigants. The purpose of these reforms was to place the respective litigants in parity, avoid "surprise," and encourage settlement of controversies prior to trial. While the discovery process has been subject to limited abuse, the new techniques have in large measure served the purposes for which they were adopted.

We would note that the form of R.C. 2317.48 survived the changes encompassed within the new rules. The code section was modified slightly and adopted in its present form in 1985.[3] Accordingly, we can only assume that the General Assembly intended that the statute be given meaningful ap-

plication. The opinion rendered by the court of appeals in this case appears to encourage almost unlimited discovery prior to filing.

We believe there is a satisfactory middle course. On one hand, unlimited discovery prior to filing of a valid complaint could certainly lead to undue expense, inappropriate invasion of a person's privacy and the like. Conversely, in a proper case we can see a valid purpose in prefiling discovery.

The statute only refers to the use of interrogatories, but a portion of the prior case law extended the statutory action to compelling production of documents and inspection of chattels and premises under the control of the adverse party.[4] However, in large measure these cases predate the adop-

---

[3] R.C. 2317.48 was formerly G.C. 11555. The 1985 amendment to R.C. 2317.48 primarily replaced the term "petition" with "complaint" and "complaint * * * for discovery," and the phrase "demurred to" with "motion to dismiss * * * under Civil Rule 12." The former version read:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without discovery of a fact from the adverse party, is unable to file his petition or answer, he may bring an action for discovery, setting forth in his petition the necessity therefor and the grounds thereof, with such interrogatories relating to the subject matter of the discovery as are necessary to procure the discovery sought. If such petition is not demurred to, it must be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs thereof shall be taxed in such manner as the court deems equitable."

[4] *Slabinski* v. *Servisteel Corp.* (1985), 22 Ohio App. 3d 74, 22 OBR 171, 488 N.E. 2d 941 (inspection of real and personal property); *Levin* v. *Cleveland Welding Co.* (1963), 118 Ohio App. 389, 25 O.O. 2d 287, 187 N.E. 2d 187 (inspection of real and per-

sonal property); *Driver* v. *F.W. Woolworth Co.* (1938), 58 Ohio App. 299, 12 O.O. 188, 16 N.E. 2d 548 (analysis of material evidence); *Lawson* v. *Hudepohl Brewing Co.* (1951), 62 Ohio Laws Abs. 332, 46 O.O. 15, 101 N.E. 2d 254 (analysis of material evidence). See, also, *Ex parte Schoepf* (1906), 74 Ohio St. 1, 77 N.E. 276 (production of documents); *Furman* v. *Central Park Plaza Corp.* (1951), 65 Ohio Law Abs. 172, 46 O.O. 106, 102 N.E. 2d 622 (production of documents); cf. *Stark Rolling Mill Co.* v. *Ocean Accidental & Guaranty Co.* (Stark Cty. Cir. Ct. 1908), 11 Ohio C.C. (N.S.) 443, 21 Ohio C.D. 4 (limiting discovery pursuant to the predecessor statute to R.C. 2317.48 to only interrogatories since that was the extent of the relief afforded by a bill of discovery in chancery).

The bulk of the cases dealing with statutory actions for discovery under R.C. 2317.48 and its predecessor statutes involved situations where the primary lawsuit *had already been filed.* Today, the Rules of Civil Procedure would control the scope and manner of discovery in such cases. See *Walker* v. *Allstate Ins. Co.* (1966), 7 Ohio App. 2d 85, 36 O.O. 2d 196, 219 N.E. 2d 61; *Placke* v. *Washburn* (1953), 69 Ohio Law Abs. 565, 126 N.E. 2d 610; *Levin, Lawson* and *Driver, supra.*

tion of the Rules of Civil Procedure which require only that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Civ. R. 8(A). As stated, our present rules provide for liberal discovery, and joinder of claims and parties. Obviously, the need for prefiling discovery is not as cogent as it was prior to the adoption of the Civil Rules. In our view this form of action occupies a small niche between an unacceptable "fishing expedition" and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules.

We therefore adopt a reasonable and literal construction of the language of R.C. 2317.48 and hold that an action for discovery pursuant to R.C. 2317.48 is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer and are to be submitted only to the potentially adverse party to the contemplated lawsuit.[5] Furthermore, we hold that the statutory language contemplates that the person "claiming to have a cause of action or a defense to an action" must in his statutory action for discovery set forth "the necessity and the grounds for the action" and the facts sought and deemed necessary to state a cause of action. Thereafter, "[u]nless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant." R.C. 2317.48 contemplates that the trial court will then proceed to a final disposition of the statutory action for discovery and either grant or deny the action. The granting of the action commences the discovery process subject to the trial court's supervision. The interrogatories are to be limited and directed toward only those facts necessary to draft a complaint or an answer in a subsequent lawsuit and are not to extend to discovery of the manner in which the opposition party, whether plaintiff or defendant to the contemplated lawsuit, intends to establish his case or to evidence which relates exclusively to his case. If a lawsuit is subsequently filed, discovery will, of course, proceed according to the Rules of Civil Procedure.[6]

In this case the complaint for

---

[5] The statute limits the action to a "person claiming to have a cause of action or a defense to an action commenced against him * * *." Such language contemplates only the prospective plaintiff of a proposed action or proceeding, or the defendant of a pending action or proceeding. Accordingly, the statutory action for discovery is not available for use against third persons not parties to the contemplated lawsuit. Contra *Slabinski, supra.* See, also, *Arcell* v. *Ashland Chemical Co., Inc.* (1977), 152 N.J. Super. 471, 506, 378 A. 2d 53, 70-71, wherein the court stated: "The need to resort to equity to obtain discovery at law is virtually non-existent under modern discovery rules and statutes. However, the majority view is that modern rules and statutes relating to discovery do not abrogate equitable jurisdiction as to bills of discovery, and equity may be resorted to where effective discovery cannot be obtained under the rules or statutes. * * * [Citations omitted.]" The *Arcell* court allowed an equitable bill of discovery against a third-party defendant corporation that had "a significant pecuniary interest in the outcome of the action." *Id.* at 507, 378 A. 2d at 71.

[6] Civ. R. 27 provides for the perpetuation of testimony before an action has been filed or pending appeal. Both Ohio and Federal Rule 27 are patterned after The Uniform Perpetuation of Testimony Act. Staff Note to Civ. R. 27. Federal courts interpreting Fed. R. Civ. P. 27 have held that the rule does not provide a method of discovery to ascertain facts for use in fram-

discovery was not as specific and focused as aforesaid. However, we affirm the holding of the court of appeals that the complaint for discovery did sufficiently allege a potential cause of action in contract and that R.C. 2317.48 applies. However, we must reverse with respect to the court of appeals' failure to limit the discovery solely to interrogatories as mandated above.

Accordingly, the judgment of the court of appeals is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

---

ing a complaint. *In re Gary Construction, Inc.* (D. Colo. 1983), 96 F.R.D. 432; *In re Boland* (D.D.C. 1978), 79 F.R.D. 665.

It has been suggested that R.C. 2317.48 be repealed and its provisions incorporated into an amended Civ. R. 27 in order to clarify its use and procedure. Aumiller, *supra,* at 66-69.