BRIDGESTONE/FIRESTONE, INC., Appellee,

v.

HANKOOK TIRE MANUFACTURING CO., INC. et al., Appellants.

[Cite as *Bridgestone/Firestone, Inc. v. Hankook Tire Mfg. Co., Inc.* (1996), 116 Ohio App.3d 228.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17808.

Decided Dec. 11, 1996.

*Squire, Sanders & Dempsey*, *Terence J. Clark* and *Steven A. Friedman*, for Appellants.

*Millisor & Nobil Co., L.P.A.*, *Michael I. Ranallo* and *Michele H. Schmidt*, for Appellee.

DICKINSON, Judge.

Defendants Hankook Tire Manufacturing Company and Ronald Kennedy have appealed from an order of the Summit County Common Pleas Court that denied their consolidated motion to dismiss plaintiff Bridgestone/Firestone Inc.'s action for discovery against them and directed that the requested discovery "proceed forthwith." They have argued (1) that the trial court incorrectly denied their motion to dismiss because Bridgestone/Firestone was attempting to use this action for discovery to determine whether it had causes of action against them rather than to discover a fact without which it was unable to file a complaint based upon claimed causes of action, (2) that the trial court incorrectly denied their motion to dismiss because Bridgestone/Firestone failed to show the "necessity and grounds" for the discovery it sought through this action, and (3) that, even if their motion to dismiss was properly denied, the trial court incorrectly ordered them to respond to Bridgestone/Firestone's interrogatories because they were "overly broad" and "beyond the scope permitted" in an action for discovery. This court reverses the judgment of the trial court because Bridgestone/Firestone did not claim to have causes of action against Hankook and Kennedy.

Hankook and Kennedy's second and third assignments of error are moot and are overruled on that basis.

## I

Defendant Hankook Tire Manufacturing Company and plaintiff Bridgestone/Firestone Inc. are competitors. Defendant Ronald Kennedy is a former employee of Bridgestone/Firestone who is now an employee of Hankook. On December 1, 1995, Bridgestone/Firestone filed separate actions for discovery against Hankook and Kennedy in the Summit County Court of Common Pleas. Along with its complaint for discovery against each defendant, it filed interrogatories addressed to that defendant. On December 29, 1995, Kennedy moved to consolidate Bridgestone/Firestone's action against him with its action against Hankook. That motion was apparently granted.

On January 29, 1996, Hankook and Kennedy moved to dismiss Bridgestone/Firestone's action against them for failure to state a claim upon which relief could be granted. On March 14, 1996, the trial court denied Hankook and Kennedy's motion to dismiss and directed that discovery "proceed forthwith." Hankook and Mr. Kennedy timely appealed to this court.

## II

### A

Hankook and Kennedy's first assignment of error is that the trial court incorrectly denied their motion to dismiss because Bridgestone/Firestone was attempting to use this action for discovery to determine whether it had causes of action against them rather than to discover a fact without which it was unable to file a complaint based upon claimed causes of action. By its complaints against Hankook and Kennedy, Bridgestone/Firestone averred that it was entitled to discovery from them pursuant to R.C. 2317.48.

R.C. 2317.48 provides that a party "claiming to have a cause of action" against another party, but who is unable to file a complaint against that party "without the discovery of a fact" from that party, may institute an action for discovery in order to learn the needed fact. The complaint in the action for discovery is to include "the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought."

By its complaint for discovery against Hankook, Bridgestone/Firestone averred that Hankook had hired at least six former Bridgestone/Firestone employees since 1993, "all of whom were experienced, professional engineers and/or chemists"; that the Bridgestone/Firestone employees now employed by Hankook "had

extensive access to and knowledge of [Bridgestone/Firestone's] business, customers, products, and research and development technology, much of which is confidential and proprietary information"; that each of the former employees had signed nondisclosure agreements with Bridgestone/Firestone; and that Bridgestone/Firestone "has reason to believe that [Hankook] has derived confidential, proprietary trade secret information belonging to [Bridgestone/Firestone] through [Hankook's] contact with and employment of [Bridgestone/Firestone's] former employees." Despite its averment that it had "reason to believe" that Hankook had obtained confidential, proprietary information, it further averred that it could not determine whether Hankook had in fact improperly acquired any of its confidential information:

"[Bridgestone/Firestone] cannot presently determine whether, in fact, [Hankook] has derived or otherwise acquired through misappropriation or other improper means any confidential, proprietary trade secret information belong[ing] to [Bridgestone/Firestone]."

It concluded that access to the information it was seeking would permit it "to determine whether it has sufficient grounds for suit against [Hankook] under one or more of [three alternative legal theories]."

By its complaint for discovery against Kennedy, Bridgestone/Firestone averred that Kennedy was formerly employed as a senior project engineer in Bridgestone/Firestone's tire technology department; that he had "extensive access to and knowledge of [Bridgestone/Firestone's] business, customers, products, and research and development technology, much of which is confidential and proprietary information"; that he had a nondisclosure agreement with Bridgestone/Firestone; that he had left Bridgestone/Firestone and went to work for Hankook; and that Bridgestone/Firestone "has reason to believe that [Mr. Kennedy] has disclosed confidential, proprietary trade secret information belonging to [Bridgestone/Firestone] to [Hankook]." Despite its averment that it had "reason to believe" that Kennedy had violated his nondisclosure agreement, it further averred that it could not then "determine whether, in fact, [Mr. Kennedy] has disclosed any confidential, proprietary trade secret information belonging to [Bridgestone/Firestone]." It concluded that access to the information it was seeking would permit it "to determine whether it has sufficient grounds for suit against [Mr. Kennedy] under one or more of [three alternative legal theories]."

The Ohio Supreme Court, in *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031, considered the application of R.C. 2317.48. The plaintiff in that action claimed to be part owner and developer of a prototype sweeper for use in movie theaters. He averred that the defendant, the other part owner and developer, had refused to recognize his rights in the prototype, "be they patent, contract, or inventor's rights." *Id.* at 124, 541 N.E.2d at 1032. He

filed an action pursuant to R.C. 2317.48 to obtain information that would let him determine "the status of the product and his possible rights." *Id.* at 124, 541 N.E.2d at 1032. The Supreme Court explained that R.C. 2317.48 "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules." *Id.* at 127, 541 N.E.2d at 1034. The plaintiff in *Poulos* had averred sufficient facts to reveal a "potential cause of action in contract." *Id.* at 128, 541 N.E.2d at 1035. Accordingly, the Supreme Court concluded that he was entitled to answers to interrogatories "limited and directed toward only those facts necessary to draft a complaint." *Id.* at 127, 541 N.E.2d at 1035.

In this case, Bridgestone/Firestone failed to aver sufficient facts to reveal a "potential cause of action" against either defendant. Although it averred that it had "reason to believe" that Hankook had obtained confidential, proprietary information belonging to it and "reason to believe" that Kennedy had disclosed confidential, proprietary trade secret information belonging to it, those averments were not sufficient for purposes of R.C. 2317.48. In order to fit into the small niche of prefiling discovery allowed by that statute, the complaint would have had to include the underlying facts and circumstances constituting Bridgestone/Firestone's reason to believe. Further, those underlying facts would have had to reveal that Bridgestone/Firestone had causes of action against Hankook and Kennedy. Apparently, Bridgestone/Firestone's reasons to believe did not reveal that it had a cause of action against either Hankook or Kennedy because, according to the averments of its complaints, it was not seeking discovery needed to draft a complaint based on a claimed cause of action, but rather was seeking discovery to determine whether it had a cause of action against either under any of three alternative legal theories.

Hankook and Kennedy's motion to dismiss should have been granted. Accordingly, their first assignment of error is sustained.

## B

Hankook and Kennedy's second and third assignments of error are (2) that the trial court incorrectly denied their motion to dismiss because Bridgestone/Firestone failed to show the "necessity and grounds" for the discovery it sought through this action, and (3) that even if their motion to dismiss was properly denied, the trial court incorrectly ordered them to respond to Bridgestone/Firestone's interrogatories because they were "overly broad" and "beyond the scope permitted" in an action for discovery. In view of this court's having sustained Hankook and Kennedy's first assignment of error, these assignments of error are moot and are overruled on that basis.

### III

Hankook and Kennedy's first assignment of error is sustained. Their second and third assignments of error are overruled because they are moot. This matter is remanded to the trial court for further action consistent with this opinion.

*Judgment reversed.*

BAIRD, P.J., and REECE, J., concur.