[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the Ashtabula County Court of Common Pleas. Appellant, Cleveland Construction, Inc., appeals the order of the trial court granting appellee's, Patricia Carr, "Motion to Dismiss and [Motion] for Sanctions."
On March 17, 1997, the Conneaut, Ohio Library Board of Trustees ("Board") met in public session to consider bids for the construction of a new library building. Appellant had submitted a contractor's bid for the project. At the Board meeting, appellee, who is a Conneaut city councilwoman and secretary of the local chapter of the AFL-CIO, opted to address the board concerning the project. In her address, appellee apparently vocalized certain objections to appellant being awarded the project contract. In addition, appellee provided the Board with documentation concerning problems appellant had on other projects, though the exact content of those documents has not been specified to appellant. According to appellant, appellee's actions were reiterated in a press report. However, despite appellee's objections, the Board voted to hire appellant as the general contractor for the construction project.
On August 8, 1997, appellant filed a "Complaint for Discovery." In the complaint, appellant sought discovery, pursuant to R.C.2317.48, of the document packet submitted by appellee to the Board at its March 17, 1997 meeting.
On September 9, 1997, appellee filed a Civ.R. 12(B)(6) motion to dismiss, which also requested sanctions against appellant and its counsel for having filed a "frivolous and vexatious action." On November 14, 1997, the trial court held a hearing in order to provide counsel with an opportunity to present additional submissions regarding appellee's motion. At that hearing, the parties stipulated that an amount not exceeding $1,500 would be granted to appellee, in the event that the court decided to award attorney fees as a sanction. On December 12, 1997, the trial court entered judgment granting appellee's motion to dismiss and awarding appellee $750 for "incurring unnecessary inconvenience, expense, and attorney fees."
On January 7, 1998, appellant timely filed a notice of appeal and now asserts the following assignments of error:
 "[1.] The trial court erred in dismissing Cleveland Construction's complaint as it was a valid complaint for discovery under Ohio Revised Code Section 2317.48
 "[2.] The trial court erred in imposing sanctions against Cleveland Construction."
Thirteen days later, on January 20, 1998, appellee filed a notice of cross-appeal. Appellee now asserts the following assignment of error:
 "When no other evidence exists on the point, a sanction by the trial court which assesses attorneys' fees in an amount that ignores the stipulation of the parties as to what is a reasonable sum is an abuse of discretion by the court."
At the outset, we note that appellee's cross-appeal was timely filed because pursuant to App.R. 4(B)(1), a party may file a notice of cross-appeal within ten days of the filing of the first notice of appeal. In this matter, appellant filed a notice of appeal on January 7, 1998. Thus, under the ten day rule, appellee had until January 17, 1998, to file her cross-appeal. However, January 17, 1998, was a Saturday and Monday was a legal holiday, so appellee had until January 20, 1998, to make her filing. Accordingly, appellee timely filed her notice of cross-appeal.
In the first assignment of error, appellant contends that R.C.2317.48 permits it to set forth an action for discovery in the separate discovery complaint in order to prepare a complaint on a known cause of action. Furthermore, appellant argues that the press release description of appellee's actions makes it clear that it was defamed. However, in order to draft a proper complaint, appellant claims that it must know the specific substance of any defamatory statements made by appellee in the packet provided to the Board, not just the "gist" of them. Therefore, appellant claims that R.C. 2317.48 permits it to view the packet of information, concerning appellant, that was submitted by appellee to the Board at its meeting.
R.C. 2317.48 states:
 "When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought."
In Poulos v. Parker Sweeper Co. (1989), 44 Ohio St.3d 124, 127, the court stated:
 "We therefore adopt a reasonable and literal construction of the language of R.C. 2317.48 and hold that an action for discovery pursuant to R.C. 2317.48 is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer * * *. Furthermore, we hold that the statutory language contemplates that the person `claiming to have a cause of action or a defense to an action' must in his statutory action for discovery set forth `the necessity and the grounds for the action' and the facts sought and deemed necessary to state a cause of action."
In Poulos, the appellee filed a complaint requesting discovery under R.C. 2317.48 and information in the form of interrogatories, depositions, subpoenas, and production of documents. In response, appellant filed a motion to dismiss. The Supreme Court of Ohio affirmed the court of appeals' approval of the trial court's denial of the appellant's motion to dismiss, but reversed the court's decision with respect to its failure to limit the discovery solely to interrogatories. Id. at 128.
In Bridgestone/Firestone, Inc. v. Hankook Tire Mfg. Co., Inc.
(1996), 116 Ohio App.3d 228, 232, the court of appeals affirmed the trial court's granting of the appellant's motion to dismiss because the appellee "failed to aver sufficient facts to reveal a `potential cause of action' against [the appellant]. Although it averred that it had `reason to believe' that [the appellant] had obtained confidential, proprietary information belonging to it * * * those averments were not sufficient for purposes of Section2317.48." In the complaint, the appellee stated that the appellant had hired a former employee of the appellee, who had confidential knowledge, had signed a nondisclosure agreement, and who was believed to be disclosing confidential information to the appellant. The appellee argued that it needed discovery of certain documents "to determine whether it [had] sufficient grounds for suit against" the appellant. Id. at 231.
In another case, the appellee filed a complaint which also requested discovery from appellant pursuant to R.C. 2317.48.Fasteners for Retail, Inc. v. Peck (Apr. 3, 1997), Cuyahoga App. No. 70818, unreported, 1997 Ohio App. Lexis 1334. In that case, the court held that R.C. 2317.48 was not designed to permit a party to undergo a "fishing expedition" to discover whether a cause of action exists. Id. at 5. In reversing the decision of the trial court and granting appellant's motion to dismiss, the court held:
 "Appellee clearly states in its complaint that it is trying to determine if a cause of action exists against appellant for violation of his non-compete clause. * * * The fact that appellee had a suspicion or a hunch that appellant may have breached the non-compete clause contained in the employment agreement is not enough to satisfy the requirements set forth in R.C. 2317.48. The statute and case law clearly provide that one is not entitled to discovery `unless and until it is clear that a viable cause exists.'" (Citations omitted) Id.
at 5-6.
In the case sub judice, appellant's complaint requests discovery from appellee for the following reasons:
 "8. Without viewing the `packet' which Defendant [Appellee] presented to the Board, Plaintiff [Appellant] is unable to determine if the information presented was, in fact, defamatory to Cleveland.
 "9. Without viewing the information submitted by Carr, Cleveland is unable to determine whether sufficient facts exist to justify the filing of a complaint.
 "WHEREFORE, Cleveland Construction, Inc. demands that Defendant [Appellee] Patricia Carr be ordered to answer the attached Interrogatories and produce the documents requested by the attached document request."
Initially, we note that appellant's request that appellee produce "documents" is in direct conflict with the rule of law articulated in Poulos, where the Supreme Court of Ohio held that discovery under R.C. 2317.48 is limited solely to the use of interrogatories specifically concerning the facts necessary to the complaint or answer. Poulos, 44 Ohio St.3d 124, at syllabus. Therefore, appellant is permitted only to discovery, if at all, utilizing its attached interrogatories.
The cases of Bridgestone/Firestone and Peck firmly advanced the rule that a potential cause of action is not a sufficient ground for a court to grant a complainant discovery under R.C. 2317.48. In both of those cases, therefore, the defendant's motion to dismiss was granted. Based upon appellant's averments in paragraphs eight and nine of its complaint, it is clear that appellant is seeking discovery in order to determine if there are proper grounds to plead a cause of action against appellee. Additionally, although appellant indicates that the discovery was aimed at disclosing any potential defamatory remarks elicited by appellee, there is, otherwise, no indication that appellant currently is asserting an action for defamation. In fact, the complaint fails to expressly assert any cause of action.
Furthermore, we agree with the trial court's judgment entry dismissing appellant's action, in which the trial court reasoned that appellant would know if it had been damaged by any defamatory statements. Indeed, appellant's complaint is directed at providing it with information in regard to whether it was defamed at all. Consequently, appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant contends that the trial court erred by imposing sanctions against it. Appellant contends that a trial court may not impose sanctions against a party, pursuant to R.C. 2323.51, for dismissing a complaint without finding that the party engaged in frivolous conduct.
R.C. 2323.51 permits a court to award sanctions in civil actions when a party engages in frivolous conduct. Frivolous conduct is defined as conduct that serves "merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C. 2323.51(A)(2)(a)(i). Frivolous conduct also is defined as the filing of a claim that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii). Furthermore, a court must hold a hearing to determine whether the conduct was frivolous, whether any party was adversely affected by it, and to determine the amount of an award, if one is to be granted. R.C.2323.51(B)(2)(a)-(c).
Finally, "[t]he imposition of sanctions pursuant to either Civ.R. 11 or R.C. 2323.51 only will be reversed on appeal upon a showing of abuse of discretion." Kester v. Rodgers (May 6, 1994), Lake App. Nos. 93-L-056/072, unreported, at 6; see, also, Estep v.Kasparian (1992), 79 Ohio App.3d 313; State ex rel. Fant v. Sykes
(1987), 29 Ohio St.3d 65. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
In Lable and Co. v. Flowers (1995), 104 Ohio App.3d 227, 232, the appellate court noted that the trial court issued a judgment entry in which it determined that the defendant must pay sanctions, but "failed to articulate the authority under which it ordered defendant's attorney to pay the sanctions." However, the appellate court did not conclude that the trial court's failure to specify such authority constituted error; rather, the appellate court identified three possible rationales (one of which was R.C.2323.51) on which sanctions could be based and attempted to support the court's decision on any of those three rationales.Id. Only after thoroughly analyzing the facts of the case with the possible rationales, did the appellate court conclude that sanctions could not be imposed. Id. at 232-236.
The record in our case reveals that the trial court conducted a hearing on November 14, 1997, which satisfied the requirements of R.C. 2323.51(B)(2)(a)-(c). At that hearing, both parties were present and both were asked if they had any information to present in regard to appellee's motion for sanctions. In addition, the parties stipulated that an amount not exceeding $1,500 would be granted to appellee, in the event that the court decided to award attorney fees as a sanction.
In a judgment entry dated December 12, 1997, the trial court granted appellee's motion to dismiss and motion for sanctions. In that judgment entry, the trial court made the following determinations: (1) the discovery process does not permit a party to establish its case by going on a "fishing expedition"; (2) appellant's complaint and opposition to appellee's motion to dismiss "clearly indicate[s] and acknowledge[s] that the [appellant] does not know whether it has any cause of action against the [appellee]"; (3) appellant would know if it had been damaged by appellee's allegedly defamatory statements; and (4) the information sought by appellant related to the basic question of whether appellee's conduct was even defamatory.
At first, we note that the court's failure to articulate the statutory provision under which it granted sanctions does not constitute grounds for reversal, pursuant to the holding inFlowers. Furthermore, we conclude that the trial court's determinations, in its judgment entry, indicate that it imposed sanctions because appellant engaged in frivolous conduct by filing a claim that was "not warranted under existing law" and could not "be supported by a good faith argument for an extension, modification, or reversal of existing law," in violation of R.C.2323.51(A)(2)(a)(ii). Indeed, as previously discussed, the facts of this case sufficiently support such conclusion. Accordingly, the trial court's decision to impose sanctions was not unreasonable and, therefore, did not constitute an abuse of discretion. Thus, appellant's second assignment of error is not well-taken.
On cross-appeal, appellee contends, in conclusory fashion, that the trial court abused its discretion by granting appellee $750 for inconvenience, expenses, and attorney fees as a sanction against appellant. Appellee claims that the parties stipulated to $1,500 being imposed as attorney fees should the court impose sanctions against appellant.
However, the transcript of the sanctions hearing reveals that both parties stipulated that the court could award "an amount up to $1,500" for attorney fees in the event that it would impose sanctions against appellant. Furthermore, appellee's counsel stated, on record, that such arrangement was satisfactory. In light of the evidence presented through the transcript in this matter, appellee's mere conclusory allegation does not adequately reveal that the trial court abused its discretion in awarding $750 in sanctions. Therefore, appellee's assignment of error on cross-appeal is without merit.
For the foregoing reasons, appellant's assignments of error are without merit. In addition, appellee's assignment of error on cross-appeal also is without merit. Therefore, the judgment of the Ashtabula County Court of Common Pleas is affirmed. ________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
O'NEILL, J., concur.