OPINION
Defendants-appellants The Cafaro Company, Cafaro Management Company, Eastwood Mall, Inc., the Marion Plaza, Inc. and Harmont Plaza, Inc. appeal from the April 6, 2000, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
In September of 1973, appellee M.D.T. Corporation, as tenant, entered into a lease with appellant Harmont Plaza, Inc., as landlord, for space in Harmont Plaza, a shopping center. Pursuant to paragraph 19(G) of the lease agreement, appellant Harmont Plaza, Inc. agreed to maintain comprehensive liability insurance on the shopping center and its common areas on an occurrence basis in the minimum amount of one million dollars. The lease further provided, in part, as follows: "Within ninety (90) days after the end of each calendar year, Landlord will furnish Tenant a statement in reasonable detail of the actual Insurance Expense for the prior year . . ." In December of 1994 and again in July of 1994, the subject lease was amended. The amendments were by and between appellant Eastwood Mall, Inc., as landlord, and appellee, as tenant. On August 27, 1999, appellee filed a Complaint for Discovery against appellants in the Stark County Court of Common Pleas. Appellee, in its complaint, alleged that one or more of appellants were the present owner/landlord of the subject property leased by appellee. In addition, appellee, in its complaint and pursuant to R.C. Section 2317.48 and Civ.R. 34(D), specifically sought a certified copy of the insurance policy mentioned in section 19(G) of the lease agreement to "verify whether Defendants [appellants] have breached the lease by purchasing insurance from a related entity at an excessive and unreasonable cost, in breach of its duty of fair dealing and good faith." Thereafter, a joint answer was filed by appellants on September 27, 1999. Subsequently, appellee, on December 30, 1999, filed a motion for leave to file an amended complaint. Appellee, in its motion, stated that its amended complaint "will amend its prayer from requesting the Court to order Defendants [Appellants] to produce a document (e.g. Insurance Policy) to requesting the Court to order Defendants [Appellants] to respond to Interrogatories as provided in R.C. 2317.48 . . ." After the trial court, pursuant to a Judgment Entry filed on January 4, 2000, granted appellee's motion for leave to file an amended complaint, appellee filed its first amended complaint six days later. Appellee, in its amended complaint, requested the trial court, pursuant to R.C. 2317.48, to order appellants to respond to the interrogatories attached to such complaint. Appellants filed a joint answer to the amended complaint on January 27, 2000. Shortly thereafter, appellants filed a Motion for Summary Judgment on February 3, 2000, to which appellee filed a memorandum in opposition on February 24, 2000. A reply brief was filed by appellants on March 2, 2000. The trial court, pursuant to a Judgment Entry filed on April 6, 2000, ordered appellants to provide a copy of the subject insurance policy to appellee. The trial court, in such entry, specifically stated that its order was "limited to the insurance policy, and no interrogatories need be answered." It is from the trial court's April 6, 2000, Judgment Entry that appellants now prosecute their appeal, raising the following assignments of error:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS CONTRARY TO LAW BY ORDERING APPELLANTS TO PRODUCE DOCUMENTS BASED ON APPELLEE'S COMPLAINT FOR PRE-FILING DISCOVERY, WHEN APPELLEE FAILED TO COMPLY WITH ALL THE PREREQUISITES AND LIMITING FACTORS OF CIVIL RULE 34(D) AND R.C. 2317.48.
 II THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS CONTRARY TO LAW BY DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT, WHEN A GENUINE ISSUE OF MATERIAL FACT DOES NOT EXIST AND REASONABLE MINDS CAN CONCLUDE ONLY THAT APPELLANTS ARE ENTITLED TO JUDGMENT DISMISSING APPELLEE'S COMPLAINT FOR PRE-FILING DISCOVERY BECAUSE APPELLEE FAILED TO COMPLY WITH ALL THE PREREQUISITES AND LIMITING FACTORS OF CIVIL RULE 34(D) AND R.C. 2317.48.
 I
Appellants, in their first assignment of error, argue that the trial court erred in ordering appellants to produce the subject insurance policy based on appellee's complaint for pre-filing discovery. We agree. As is stated above, appellee, in its original complaint, cited to R.C.2317.48 and Civ.R. 34(D) in alleging that it was entitled to a certified copy of the subject insurance policy from appellants. However, subsequently, on December 30, 1999, appellee filed a motion for leave to filed an amended complaint. Appellee, in its motion, stated as follows: "Plaintiff's [Appellee's] Amended complaint will amend its prayer from requesting the Court to order Defendants [Appellants] to produce a document (e.g. Insurance Policy) to requesting the Court to order Defendants [Appellants] to respond to Interrogatories as provided for in R.C. 2317.48 . . ." After the trial court granted appellee's motion for leave, appellee, on January 10, 2000, filed a First Amended Complaint. In such complaint, appellee demanded, pursuant to R.C. 2317.48, that appellants respond to an attached set of interrogatories. Appellant's amended complaint did not contain any request for production of documents under Civ.R. 34(D). R.C. 2317.48 states, in relevant part, as follows: When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. (Emphasis added).
"[A]n action for discovery pursuant to R.C. 2317.48 is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer and are to be submitted only to the potentially adverse party to the contemplated lawsuit." Poulos v. Parker Sweeper Co. (1989), 44 Ohio St.3d 124, 127. (Emphasis added). In the case sub judice, the trial court, in its April 6, 2000, Judgment Entry, ordered appellants to produce a copy of the subject insurance policy and further ordered that "no interrogatories need be answered [by appellants]." Since, pursuant to Poulos, supra., prelitigation discovery under R.C.2317.48 is limited solely to interrogatories and, therefore, cannot be used for the production of documents, we concur with appellants that the trial court erred in ordering appellants to produce the subject insurance policy. As appellants correctly note in their brief, the trial court could not have granted relief that was not even requested by appellee in its amended complaint. For the foregoing reasons, appellants' first assignment of error is sustained.
Appellants' second assignment of error is, therefore, moot.
Accordingly, the judgment of the Stark County Court of Common Pleas is reversed.
Edwards, J. Farmer, P.J. and Wise, J. concurs