[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Laverne Thomas challenges the decision of the trial court denying her motion to amend her complaint for discovery against her former employer, defendant-appellee Dollar General Corporation ("Dollar General")[1]. Because the amended complaint failed to state a claim for which relief could be granted, we affirm.
On August 29, 2000, Thomas filed a complaint for discovery pursuant to R.C. 2317.48, along with accompanying interrogatories, alleging that she "ha[d] a cause of action for race and sex discrimination" and seeking "facts" as to why she had been denied a permanent position with Dollar General. (It appears from the record that Thomas may have been employed on a temporary basis.) Dollar General moved to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim for which relief could be granted, and because the interrogatories were not drafted in conformity with the requirements of R.C. 2317.48 on October 3, 2000. In response, Thomas moved for leave to amend her complaint. A hearing was held on Thomas's motion, and the trial court, finding that that neither the original nor the proposed amended complaint could withstand a motion to dismiss under Civ.R. 12(B)(6), denied Thomas's motion to amend her complaint and granted Dollar General's motion to dismiss. This timely appeal followed.
In her sole assignment of error, Thomas argues that the trial court erred in denying her motion to amend her original complaint. Although Thomas has admitted in her appellate brief that her original complaint for discovery did not sufficiently allege facts that stated a claim for which relief could be granted, she insists now that her amended complaint did so.
Initially we note that the decision to grant or deny a motion for leave to file an amended complaint is within the discretion of the trial court.[2] But when the trial court's reason for denying a motion for leave to amend is that the proposed amended complaint can not withstand a motion to dismiss under Civ.R. 12(B)(6), the appellate court's review isde novo.[3]
 Thomas filed her action in discovery pursuant to R.C. 2317.48, which states in part,
 When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant.
 This statute is a holdover from practice prior to the enactment of the Ohio Rules of Civil Procedure, when little discovery was allowed in actions at law.[4]
In examining the statute, the Ohio Supreme Court has explained that since pre-filing discovery is not as crucial as it was prior to the adoption of the civil rules, "this form of action occupies a small niche between an unacceptable `fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the civil rules."[5]
Accordingly, the court has emphasized that the person bringing the action for discovery must set forth sufficient facts to reveal a potential cause of action, and if that is not done, the action may be dismissed under Civ.R. 12. Finally, the court has adopted a "reasonable and literal construction" of the language of R.C. 2317.48, stating that the action for discovery is limited to interrogatories that specifically concern the facts necessary to make out a complaint.[6]
Upon review of the record, we are not convinced that Thomas averred sufficient facts showing that she had a cause of action for race or sex discrimination. The complaint was worded generally, and it did not allege what type of job position she held at Dollar General and whether she was still qualified for that position after she was injured.[7]
Further, it is unclear from the record whether she was hired as a temporary employee or as a permanent employee. Therefore, after presuming that all of the averments in Thomas's proposed amended complaint were true and construing them in her favor, as we are required to do, we hold that the complaint does not aver sufficient facts showing that she has a known cause of action; rather, the complaint for discovery is merely a "fishing expedition" to see if she has a claim.[8] That is not the intended purpose of R.C. 2317.48.
Furthermore, regardless of whether Thomas's proposed amended complaint could withstand a motion to dismiss, the interrogatories attached to the complaint are not narrowly tailored to the facts necessary to make out a complaint for race or sex discrimination under R.C. 2317.48. Accordingly, Thomas's assignment of error is overruled.
Therefore the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.
[1] Dollar General's brief indicates that the correct name of the corporation is "DOLGENCORP, INC." Because all of the prior filings and proceedings have used the name "Dollar General Corporation," we continue to use that as the corporation's name.
[2] DiPaolo v. DeVictor (1988), 51 Ohio App.3d 166, 555 N.E.2d 969.
[3] See Hollinghead v. Bey (July 21, 2000), Lucas App. No. L-99-1351, unreported; Marx v. Ohio State Univ. College of Denistry (Feb. 27, 1996), Franklin App. No. 95APEO7, unreported.
[4] See Poulos v. Parker Sweeper Co. (1989), 44 Ohio St.3d 124,541 N.E.2d 1031.
[5] Id. at 127, 541 N.E.2d at 1034.
[6] See id.
[7] See McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792,93 S.Ct. 1817.
[8] See Colgate v. Lohbeck (1992), 78 Ohio App.3d 727, 605 N.E.2d 1301;Cleveland Constr., Inc. v. Carr (Dec. 18, 1998), Ashtabula App. No. 98-A- 0002, unreported.