{¶ 1} Because I would affirm the trial court's decision, I respectfully dissent from the majority opinion.
 {¶ 2} First, review of the record reveals that appellant's discovery request was made while there was no litigation related to custody pending before the trial court. As a general proposition, discovery is appropriate only when there is an action pending before the court. Civ.R. 26(B)(1). Discovery is not a mechanism to ascertain whether a party has a cause of action, but rather is only appropriately used to discover facts related to a party's own cause of action or grounds of defense. See Poulos v. Parker Sweeper Co. (1989), 44 Ohio St.3d 124. Because there was no matter pending, the trial court did not abuse its discretion by quashing the subpoenas.
 {¶ 3} Second, as observed by the majority, appellant concedes that any notes taken by the guardian ad litem are protected work product, not subject to disclosure. Appellant's judicial admission that this portion of the guardian's file is not discoverable supports the trial court's decision to quash the subpoenas as each contained a request for the guardian's privileged notes. I would find appellant's concession dispositive of this matter and affirm the trial court's decision.